## PULEZER *v.* KUCHARZYK.

1. EQUITY—ADEQUATE REMEDY AT LAW.
   A bill in equity will not lie to recover damages for the wrongful act of a depositary in suppressing a conveyance, there being an adequate remedy at law.

2. SAME—PARTIES.
   All of the heirs of a decedent are necessary parties to a bill to establish a deed alleged to have been executed by him in his lifetime.

3. SAME—RIGHT TO RELIEF.
   A bill in equity is properly dismissed where the complainant has by other means obtained all of the relief to which he is entitled, except damages for the wrongful act of the defendant, for which there is a complete remedy at law.

Appeal from Huron; Beach, J. Submitted February 2, 1898. Decided March 1, 1898.

Bill by Paul Pulezer against Ignace Kucharzyk and John Pulezer, Jr., to establish a deed and contract alleged to have been fraudulently withheld from record. From a decree dismissing the bill, complainant appeals. Affirmed.

The bill of complaint alleges that on November 20, 1880, John Pulezer, Sr., the father of complainant and defendant John, executed a deed of 80 acres of land to defendant John; that, at the same time, the father, his wife, and son John executed a contract by which it was agreed that, when Paul became of age, John should deed one-half of the land to Paul, and that Paul and John were to take care of their mother and a brother who was an imbecile; that the deed and contract were given to defendant Kucharzyk to take to the office of the register of deeds, and have recorded; and that he did not record them, but kept and secreted them. The prayer of the bill is that such deed and contract be established, and for damages for the wrongful act of the defendants. Defendants filed a joint and several answer, denying the material allegations of the bill, and assert that no contract or deed was made, but that John Pulezer, Sr., at that time, executed a will, which Kucharzyk, at his request, deposited with the judge of probate. Proofs were taken, and the bill dismissed.

*Charles H. McGinley,* for complainant.

*John F. Murphy,* for defendants.

GRANT, C. J. (*after stating the facts*).   John Pulezer, Sr., died November 28, 1880. Complainant, defendant John, their mother, and the imbecile son lived together upon the place after the father's death until complainant became of age. It appears from the allegations of the bill, answer, and proofs that complainant, shortly after he became of age, and several years before this bill was filed, obtained from all the heirs except the imbecile brother quitclaim deeds of one-half the land, and that he also

quitclaimed the other half to John.   He therefore obtained all the relief to which he was entitled except the interest of his imbecile brother, who is living, and the damages he claims.   He has a complete remedy at law for damages if he is entitled to any, and the brother is a necessary party when he seeks to establish the deed and contract.   The bill was therefore properly dismissed.

Decree affirmed, with costs.

The other Justices concurred.