FLEMING *v.* CONKLIN.

1. QUIETING TITLE—POSSESSION—ONE LEASING LAND AND RECEIV-
   ING RENT IN POSSESSION—STATUTES.
   In respect to the statute (3 Comp. Laws 1915, § 12302)
   and rules relative to quieting title, defendants, who for
   years had leased land, collected the rents, and enjoyed
   the fruits of the estate, were in possession, since the leas-
   ing was an overt act indicating dominion, a purpose to
   occupy and not to abandon the premises.

2. SAME—WHEN SUIT MAY BE MAINTAINED.
   Under 3 Comp. Laws 1915, § 12302, a bill to quiet title
   may be maintained if neither party has actual possession,
   and by plaintiff if he has actual possession, but if defend-
   ant has actual possession, plaintiff's remedy is ejectment.

3. SAME—LACK OF POSSESSION NOT FATAL IF EQUITABLE GROUNDS
   ALLEGED AND PROVED.
   Lack of possession will not defeat a bill to quiet title if
   plaintiff alleges and proves some ground for equitable
   jurisdiction.

4. SAME—PLAINTIFF MUST PREVAIL ON STRENGTH OF OWN TITLE.
   Plaintiff, in suit to quiet title, must prevail, if at all, on
   the strength of his own title, and not on the weakness of
   defendant's.

5. SAME—PLAINTIFF HAVING ONLY EQUITABLE TITLE MAY NOT
   PREVAIL WHERE SUIT BROUGHT ON THEORY HE HAD LEGAL TITLE.
   Where plaintiff brought suit to quiet title on the theory
   that he had legal title, whereas he had only an equitable
   one, and it appears that others not parties to the suit
   are interested, he may not prevail; and, on review, the
   decree in his favor is set aside and the case remanded.

Appeal from Alcona; Widdis (Albert); J.  Sub-
mitted October 7, 1926.  (Docket No. 46.)  Decided
January 3, 1927.

[1]Quieting Title, 32 Cyc. p. 1335; [2]Id., 32 Cyc. p. 1335; [3]Id., 32
Cyc. pp. 1335, 1337; [4]Id., 32 Cyc. p. 1329; [5]Id., 32 Cyc. p. 1368;
46 L. R. A. (N. S.) 502; 5 R. C. L. 646, 650; 4 R. C. L. Supp.
340; 5 R. C. L. Supp. 294; 6 R. C. L. Supp. 311.

Bill by Thomas Fleming against Charles Conklin and others to quiet title to land.   From a decree for plaintiff, defendants appeal.   Reversed and remanded.

*John H. Killmaster,* for plaintiff.

*John A. Stewart,* for defendants.

CLARK, J.   Plaintiff filed bill to quiet title.   About 1874 William Farrand owned and had legal and record title to lot 1, section 1, township 27 north, range 9 east. Plaintiff testified that about that time Farrand deeded to him the south five acres of the lot; that he entered into possession of the parcel, and that shortly thereafter his deed, which had not been recorded, was destroyed by fire which consumed his dwelling.   He left the land and has not been in possession thereof since, nearly 50 years, nor has he paid taxes.   In 1875 Farrand conveyed said lot 1 by warranty deed to Craig, which deed contained the following exception, quoting:

"excepting five acres sold to Thomas Fleming from the south side of said lot."

This deed was duly recorded.   The interest of Craig in the land later passed by quitclaim deeds to defendant Conklin.   These deeds did not except the five acres.   A purchaser of lot 1 at a tax sale also conveyed to Conklin and his wife by quitclaim deed.   The Conklins mortgaged lot 1 to the defendant the Alcona County Savings Bank.   Plaintiff's bill alleges that he owns the five acres because of and under his lost and unrecorded deed, makes the Conklins and the bank defendants, recites the several conveyances to defendants above noted, and prays that the same be set aside as to the five acres, and that his title be quieted.   Lot 1 is wild and unoccupied.   It is on Lake Huron.   The Conklins, when the bill was filed, had leased the lot,

with other lands, to commercial fishermen, who paid rent, that they might enjoy claimed exclusive rights to fish in the waters in front of the land, and by such leasing and by such use by the tenants the Conklins claim to have had possession at the time of suit and for years prior thereto.    Plaintiff contends that although the record of title indicated, by the noted exception in the deed to Craig, that he, plaintiff, had some interest in the five acres, no notice of reconveyance has been given to him as required by section 4138, 1 Comp. Laws 1915, and that therefore the tax deed is void as to his land.    Plaintiff also insists that defendants failed wholly to substantiate their defense of adverse possession.    Judge Widdis expressed doubt of the claims advanced at the hearing, but he disposed of the case as it was made and presented to him by counsel for the parties, and gave plaintiff decree.    Defendants have appealed.

The decree must be set aside.    The theory of the bill is that plaintiff has legal title.    It does not allege and the evidence does not show grounds for equitable relief.    Plaintiff is not in possession.    What is the nature of defendants' possession?    It is something more than constructive possession, which is a fiction of the law theoretically following in the wake of title. *People, ex rel. Turner,* v. *Kelsey,* 96 N. Y. App. Div. 148 (89 N. Y. Supp. 416).    The character and situation of the lands must be considered.    The leasing was an overt act indicating dominion, a purpose to occupy and not to abandon the premises.    *Town of Oyster Bay* v. *Jacob,* 109 N. Y. App. Div. 613 (96 N. Y. Supp. 620), cited in 1 Words and Phrases (2d Series), p. 99.    And defendants have had the rents, enjoyed the fruits of the estate.    *Sunol* v. *Hepburn,* 1 Cal. 254, cited in 1 Words and Phrases (1st Series), p. 166. In respect to the statute and rules relative to quieting title, we think defendants were in actual possession. A bill to quiet title may be maintained if neither party

has actual possession; and by a plaintiff if he has actual possession.   If defendant has actual possession and plaintiff is out of possession the remedy is ejectment (3 Comp. Laws 1915, § 12302) ; *Carpenter* v. *Dennison,* 208 Mich. 441; *Woods* v. *Monroe,* 17 Mich. 237.   Lack of possession will not defeat a bill to quiet title if, moreover, the plaintiff alleges and proves some ground for equitable jurisdiction.   *Nisbett* v. *Milner,* 159 Mich. 337.

Plaintiff, on the theory of the bill that he had legal title, ought to have brought ejectment.   He cannot prevail on the weakness of defendants' title.   He must prevail, if at all, on the strength of his own title.   His own allegations of title must be substantiated.   *Stockton* v. *Williams,* 1 Doug. (Mich.) 546.   But he has equitable title merely.   He needs the aid of equity to perfect and to establish his title, to establish his deed.   *Allen* v. *Waldo,* 47 Mich. 516; 21 C. J. p. 84. But he does not ask such relief, nor could he have it against these defendants.   Farrand, if living, or if dead, then his heirs at law, are necessary parties to a bill to establish the deed.   *Pulezer* v. *Kucharzyk,* 116 Mich. 92.

It appears by the record that three principal interests are necessary to a proper determination of the ownership of the five-acre parcel.

(*a*) The Conklins will own it if either their claim of title by adverse possession, or under the tax deed be sustained.

(*b*) If the Conklins fail, plaintiff Fleming will own it if his deed be established.

(*c*) If both the Conklins and Fleming fail, Farrand will own it, if he is living, if not, then his heirs at law. And, of course, the mortgagee is a party of interest.

As to whether all the parties of interest may be joined in one action we express no opinion.   We do not pass on the validity of the tax deed, nor do we

indicate whether defendants' possession is or ever was adverse as that term is defined in law.

The decree is set aside. The cause is not dismissed but is remanded. Defendants will have costs in the circuit court. No costs are awarded in this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.