Anthony FACIONE, et al.,
Plaintiffs–Appellants,

v.

CHL MORTGAGE TRUST 2006–
J1, Defendant–Appellee.

No. 14–2613.

United States Court of Appeals,
Sixth Circuit.

Oct. 9, 2015.

BEFORE: BOGGS, SUTTON, and STRANCH, Circuit Judges.

SUTTON, Circuit Judge.

After a bank foreclosed on their house, Anthony and Erin Facione filed a quiet-title and wrongful-foreclosure action, claiming irregularities in the foreclosure proceedings. The district court dismissed their complaint, holding that the Faciones had no legitimate grounds to challenge the foreclosure and had not pleaded the elements of a quiet-title claim. We affirm.

On August 19, 2005, the Faciones signed a mortgage agreement with Golden Mortgage Corporation, which provided that Mortgage Electronic Registration Systems, Inc. (MERS) would act on the lender's behalf. MERS assigned the mortgage to Bank of New York Mellon on December 31, 2012. The complaint does not say exactly what happened during the next eight months. What we do know is that the mortgage servicer accelerated the balance due on the loan in August 2013. In November 2013, the Bank started non-judicial foreclosure proceedings (also known as foreclosure by advertisement), and the Bank purchased the property at a sheriff's sale on February 11, 2014.

Two months later, the Faciones filed this lawsuit against CHL Mortgage Pass–Through Trust 2006–J1 (for which Bank of New York Mellon is the trustee) in state court, bringing a quiet-title and a wrongful-foreclosure claim. The Bank removed the case to federal court on diversity grounds, after which the Faciones amended their complaint to add a second wrongful-foreclosure count. The Faciones alleged that MERS's assignment of the mortgage to the Bank was illegitimate, making the foreclosure invalid. The Bank filed a motion to dismiss the action, which the district court granted.

■ *Standing.* Before reaching the merits, we pause to address a jurisdictional prerequisite and, in the process, do some definitional housekeeping. The parties spend much time debating whether the Faciones have "standing" to bring this lawsuit. Both parties use the term loosely. As it turns out, there are three different ways in which the term bears on this case. The first involves standing in a jurisdictional sense. We have subject matter jurisdiction over the case only if the parties have standing under Article III, which requires (1) an injury-in-fact (the loss of their property) (2) caused by the foreclosure sale (3) that can be redressed by the equitable relief requested (setting aside the sale). *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The Faciones satisfy this requirement, as indeed we have held in nearly identical situations before. *El-sheick v. Select Portfolio Servicing, Inc.,* 566 Fed.Appx. 492, 495–97 (6th Cir.2014); *El–Seblani v. IndyMac Mortg. Servs.,* 510 Fed.Appx. 425, 428 (6th Cir.2013).

The parties also debate whether the Faciones have standing to challenge a mortgage assignment to which they were not a party. We have called this "a common-law analogue of statutory standing," *Slorp v. Lerner, Sampson & Rothfuss,* 587 Fed. Appx. 249, 254 (6th Cir.2014), and for now let us put to the side the Supreme Court's commendable efforts to rid us of the phrase "statutory standing" and the confusion that comes with it, *see Lexmark Int'l, Inc. v. Static Control Components, Inc.,* —— U.S. ——, 134 S.Ct. 1377, 1387 n. 4, 188 L.Ed.2d 392 (2014). For present purposes, what matters is that this doctrine is "a creature of state contract law and is

assessed in conjunction with the merits of the claim, not as a threshold issue." *Slorp*, 587 Fed.Appx. at 254. Because this so-called standing question does not affect our jurisdiction over the case, we need not address the point at the outset and indeed need not address it at all in this instance, as the Faciones' claims fail on other grounds.

The parties use the word standing in one other sense: Do the Faciones have "standing" to challenge a foreclosure sale after the statutory redemption period has expired? This use of standing also implicates a merits issue, one that need not be resolved at the outset and one that has nothing to do with our subject matter jurisdiction over the case. *See El–Seblani*, 510 Fed.Appx. at 429. We leave for another day whether the appellation of "standing" in this setting does more to confuse than inform. *Cf. Lexmark*, 134 S.Ct. at 1386–87 & n. 4.

*Wrongful–Foreclosure Claims.* Michigan law provides for a redemption period following the sale of certain types of foreclosed property. Mich. Comp. Laws § 600.3240(1). During this period, the mortgagor may reclaim the property from the new purchasers by paying a statutorily defined sum. *Id.* § 600.3240(1)-(2), (4). If the period lapses without payment, the mortgagor loses all "right, title, and interest" in the property. *Id.* § 600.3236. The rule comes with an exception. Even after the statutory period ends, the mortgagor may bring a wrongful-foreclosure challenge if she can make "a clear showing of fraud, or irregularity" that relates to the foreclosure proceedings themselves. *Schulthies v. Barron*, 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969) (per curiam). The Michigan Supreme Court recently clarified that proving fraud or irregularity does not immediately void the foreclosure but simply renders it voidable. *Kim v.*

*JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329, 337 (2012). To nullify the foreclosure sale, the plaintiffs must go one step further, establishing that "they were prejudiced by defendant's failure to comply" with statutory requirements for the foreclosure. *Id.*

The parties agree that the relevant redemption period in this case is six months, *see* Mich. Comp. Laws § 600.3240(8), and that the complaint did not toll the statutory deadline, *see Bryan v. JPMorgan Chase Bank*, 304 Mich.App. 708, 848 N.W.2d 482, 485 (2014) (per curiam). The redemption period thus ended on August 11, 2014, which means that the Faciones must plead fraud or irregularity in the foreclosure before they may bring a wrongful-foreclosure claim. They point to two sources of irregularity, each stemming from an alleged violation of Michigan law. The first is that a foreclosing party must be "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." Mich. Comp. Laws § 600.3204(1)(d). The second is that, "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of [the sheriff's sale] evidencing the assignment of the mortgage to the party foreclosing the mortgage." *Id.* § 600.3204(3). The Faciones claim that the Bank had neither an interest in the indebtedness nor record title to the mortgage because MERS did not properly transfer the mortgage to the Bank.

■ Let us assume for the sake of argument that the Faciones are right—that they have targeted two statutory defects in the foreclosure proceeding. Even so, that does not establish that the irregularities prejudiced them. To establish prejudice, the Faciones must show that "they would have been in a better position to preserve

their interest in the property absent defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337. Their complaint contains no such showing or more precisely no such allegation. In their appellate brief, the Faciones belatedly assert that they might be subjected to double liability if an entity other than Bank of New York Mellon holds title to the mortgage. But that is not how the pleading rules work. The Federal Rules of Civil Procedure provide mechanisms for amending a complaint. Asserting new facts in an appellate brief is not one of them. *See* Fed.R.Civ.P. 15; *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328–29 (6th Cir.2006).

■ Even if that were not the case, this complaint still would not survive. The reason? The Faciones do not explain how they could have protected their interest in the property more effectively had they known that the mortgage assignment was invalid. *Diem v. Sallie Mae Home Loans, Inc.*, 307 Mich.App. 204, 859 N.W.2d 238, 243 (2014); *see also Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 362 (6th Cir.2013). The Faciones do not claim that they would have qualified for a mortgage modification or that they could have paid the redemption fee if they had known of the allegedly wrongful assignment. *Diem*, 859 N.W.2d at 243. Nor do they suggest that they were "misled regarding whether a sheriff's sale would occur." *Id.* In all cases in which the plaintiffs challenge a mortgage assignment's validity, the specter of double liability lurks in the background, but that specter (without more) does not suffice to nudge the Faciones' claims of prejudice "across the line from conceivable to. plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Based on the Faciones' failure to plead prejudice, the district court properly dismissed their two wrongful-foreclosure claims.

■ *Quiet–Title Claim.* The complaint's final count, a quiet-title action, fares no better. Michigan law provides that "[a]ny person ... who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action ... against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." Mich. Comp. Laws § 600.2932(1). In an action to quiet title, the plaintiffs must plead a superior interest in the property. *See Beulah Hoagland Appleton Qualified Pers. Residence Tr. v. Emmet Cty. Rd. Comm'n*, 236 Mich.App. 546, 600 N.W.2d 698, 700 (1999). The Faciones have not done so. Their complaint does not point to any prejudice resulting from fraud or irregularity in the foreclosure proceedings. They lost all "right, title, and interest" in the property as soon as the redemption period ended. Mich. Comp. Laws § 600.3236.

■ Any claims about the mortgage assignment's invalidity do not affect this conclusion. These allegations speak only to deficiencies in the Bank's ownership interest, and Michigan law requires the plaintiff in a quiet-title suit to "succeed first and foremost in making his own prima facie case, without relying on the weakness of a defendant's title." *Stern v. Marjieh*, No. 295487, 2011 WL 1140129, at *2 (Mich.Ct. App. Mar. 29, 2011); *see Fleming v. Conklin*, 237 Mich. 243, 211 N.W. 638, 639 (1927). Because the Faciones do not plead a superior interest in the property, their quiet-title action fails to state a claim for which relief can be granted. *See Gjokaj v. HSBC Mortg. Servs., Inc.*, 602 Fed.Appx. 275, 279 (6th Cir.2015).

For these reasons, we affirm.