# STATE OF MICHIGAN

# COURT OF APPEALS

EDITH BUGBEE Guardian/Conservator of
DONALD LIP KERR,

Plaintiff-Appellee,

v

ROBERT BENNETT,

Defendant-Appellant.

UNPUBLISHED
October 15, 2015

No. 321715
Saginaw Circuit Court
LC No. 13-019187-CZ

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

In this action to quiet title, defendant appeals as of right an order of the trial court denying his motion for summary disposition, granting plaintiff's counter-motion for summary disposition, and quieting title to the subject property in plaintiff's name in her capacity as guardian/conservator for Donald Kerr. Because defendant's attempt to establish title to the property through evidence of a quitclaim deed previously rejected by the trial court is precluded by collateral estoppel, we affirm.

This is the second suit between these parties seeking to quiet title to an 80-acre property located in Saginaw County. Defendant filed the first quiet title action in 2010, alleging that he purchased the property from Kerr in 2003 for $10,000 in cash (which he did not withdraw from a bank). *Bennett v Bugbee*, unpublished opinion per curiam of the Court of Appeals, issued November 15, 2012 (Docket No. 307977), p 1. According to defendant, his half-sister drafted and notarized a quitclaim deed (the "Bennett deed") which listed the purchase price at $10,000, and the closing was at her house in 2003, witnessed by defendant's now-deceased mother and his then-wife. *Id.* Defendant then waited six years to record the deed for the property, until 2009, after Kerr had become legally incapacitated. *Id.* at 2. In contrast, Kerr denied selling the property, he continued to pay the taxes on the property even after the supposed transfer, there was no evidence in his bank accounts that he received $10,000, and Kerr testified that the signature purporting to be his on the deed did not match his own signature. *Id.* at 2. After a November 2011 bench trial, the court found that there was no credible evidence that defendant had paid Kerr $10,000. Accordingly, the court issued an order denying defendant's motion to quiet title. Defendant appealed and this Court affirmed. *Id.* at 4. In particular, this Court concluded that there was no clear error in the trial court's factual finding that defendant had not

-1-

paid Kerr for the property and that implicit in the trial court's findings was the conclusion that any presumption the Bennett deed was valid had been rebutted. *Id.* at 3-4.

Although defendant's motion to quiet title was denied, the trial court's 2011 order did not affirmatively quiet title in Kerr's favor. Consequently, plaintiff filed the instant quiet title complaint in March 2013, after plaintiff's title company found the circuit court's 2011 order denying defendant's claim to the property insufficient to establish good title in plaintiff's name. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), and in support of his motion, defendant submitted the Bennett deed and a copy of the trial court's 2011 order. Defendant argued that the Bennett deed remains valid under Michigan law because the court's 2011 order did not invalidate it or set it aside because of "oppression, misrepresentation, fraud, or undue influence." The trial court denied defendant's motion based on the determination that collateral estoppel applied to prevent defendant from re-litigating the same issue in this case, i.e., the validity of the Bennett deed, that had been decided against him in the earlier action. Further, the trial court granted summary disposition in plaintiff's favor under MCR 2.116(I)(2) and entered an order quieting title in plaintiff's name. Defendant now appeals as of right.

On appeal, consistent with his arguments in the trial court, defendant argues that the Bennett deed remains valid, and superior to plaintiff's interest in the property, because the trial court in the prior action did not specifically invalidate the deed or make findings of oppression, misrepresentation, fraud, or undue influence. Defendant maintains that, absent such findings, the deed is valid because it meets the statutory requirements for form and because consideration is neither necessary nor essential to the deed's validity. According to defendant, collateral estoppel does not bar him from pursuing these arguments because, in the previous litigation, the trial court only determined that there had been a lack of consideration for the transfer, not that the Bennett deed was actually invalid. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2002). Likewise, the application of a legal doctrine, such as collateral estoppel, is a question of law which we review de novo. *Estes v Titus*, 481 Mich 573, 579; 751 NW2d 493 (2008).

Collateral estoppel precludes litigation of the same issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily litigated. *Ditmore v Michalik*, 244 Mich App 569, 577; 625 NW2d 462 (2001). The purpose of the rule is "to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication . . . ." *Monat v State Farm Ins Co*, 469 Mich 679, 692-693; 677 NW2d 843 (2004) (quotation marks and citations omitted). For collateral estoppel to apply, generally three elements must be satisfied: "(1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Id.* at 682-684 (citation and quotation marks omitted). In the subsequent action, the parties must be the same as or privy to the parties in the first action, and the ultimate issues to be concluded must be identical, and not merely similar, to those resolved in the first action. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529-530; 866 NW2d 817 (2014).

-2-

In this case, the trial court correctly determined that collateral estoppel precluded defendant's efforts to again attempt to establish his ownership of the property by evidence of the Bennett deed. Specifically, defendant's attempt to re-litigate the validity of the Bennett deed is precluded because his title to the subject property under the Bennett deed was actually litigated in the earlier action. The trial court determined, based on its weighing of the evidence and assessment of the credibility of the witnesses, that defendant had not purchased the property from Kerr, and the trial court denied defendant's motion to quiet title in his name based on the Bennett deed. On appeal to this Court, we then held that, implicit in the trial court's determination that defendant had not purchased the property as he claimed was a determination that any presumption regarding the deed's validity had been rebutted and thus the deed did not support defendant's claim to the property. *Bennett*, unpub op at 3-4. In other words, the invalidity of the Bennett deed, which formed the basis for defendant's claim to the property, was essential to the trial court's judgment denying defendant's motion to quiet title to the property based on the deed, see generally *Fleming v Conklin*, 237 Mich 243, 246; 211 NW 638 (1927), and it was essential to this Court's final judgment affirming the trial court's order. Any additional arguments defendant might have wished to raise in connection with the issue of the validity of the Bennett deed, including the assertion that consideration is not required to establish the validity of a deed, should have been raised in the previous litigation. See *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006).

In sum, because the issue of the Bennett deed's validity was fully and fairly litigated, and actually decided in an action between the same parties which resulted in a valid and final judgment, collateral estoppel precludes defendant from once again attempting to establish ownership of the property by virtue of the Bennett deed. See *Monat Ins Co*, 469 Mich at 692-693.

Affirmed. Having prevailed in full, plaintiff may tax costs pursuant to MCR 7.219.


/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra