**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0339n.06

Case No. 15-2170

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Jun 21, 2016

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MAHMOUD ELZEIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| FEDERAL NATIONAL MORTGAGE | ) | MICHIGAN |
| ASSOCIATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: MOORE, SUTTON, DONALD, Circuit Judges.

**BERNICE BOUIE DONALD**, **Circuit Judge**. Mahmoud Elzein ("Elzein") appeals the district court's decision to dismiss his challenge to a foreclosure sale. We **AFFIRM**.

**I.**

This case began with a mortgage Elzein entered into with Mortgage Electronic Registration Systems ("MERS") on June 9, 2006 for $314,400. Elzein pledged his home in Dearborn Heights, Michigan as security for the note. MERS assigned the mortgage to Bank of America on September 10, 2011. Bank of America then assigned the mortgage to Nationstar Mortgage on July 31, 2014. Elzein defaulted on the mortgage and Nationstar initiated foreclosure proceedings. After defaulting, Elzein received a letter stating that the Federal

- 1 -

National Mortgage Association ("FNMA") owned the debt and that Nationstar was the servicer. *Id.*

Nationstar published a notice of foreclosure by advertisement in the Detroit Legal News on August 21, August 28, September 4, and September 11, 2014. The notice said: "ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest." R.11, Pg. ID#264. At a sheriff's sale on September 18, 2014, FNMA bought the property with a "full credit bid." In an affidavit, FNMA stated that the redemption value was $457,763.93 and that the redemption period expired on March 18, 2015. Elzein asserts that he tried, but failed to short sell the property.

Elzein subsequently sued in Wayne County Circuit Court on March 17, 2015. After FNMA removed the case to federal court, Elzein amended his complaint. *Id.* That complaint (1) alleged that the foreclosure sale violated M.C.L. § 600.3201 *et seq.*, (2) sought quiet title, and (3) alleged that the foreclosure sale violated the Fair Debt Collection Practices Act ("FDCPA"). The district court ultimately dismissed the complaint for failure to state claims for which relief can be granted pursuant to Fed. R. Civ P. 12(b)(6). Elzein appeals.

## II.

The district court had jurisdiction under 28 U.S.C. § 1332. This Court has jurisdiction under 28 U.S.C. § 1291.

## III.

We review dismissals on the pleadings *de novo*.[1]  *Garcia v. Fannie Mae*, 782 F.3d 736, 739 (6th Cir. 2015).  To survive a motion to dismiss, a complaint must have alleged enough facts to make his claims plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Speculation and conjecture will not do.  *Id.*  As this case arises under diversity jurisdiction, we apply substantive Michigan law.  *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

Initially, we note the possibility that Elzein lacks what Michigan courts in this context call "standing"[2] to pursue his claims at all, based though they are on allegations of irregularity in the foreclosure process, because the redemption period expired.  A plausible reading of *Bryan v. JP Morgan Chase Bank*, 848 N.W.2d 482, 484–85 (Mich. Ct. App. 2014) (per curiam), and an indisputable reading of *OneWest Bank, FSB v. Jaunese*, No. 320037, 2015 WL 1277006, at *10 (Mich. Ct. App. Mar. 19, 2015), support this view.  However there is language in some unpublished cases hinting that a mortgagor *could* maintain standing to challenge a foreclosure sale after the redemption period's expiration upon a showing of fraud or irregularity.  *E.g.*, *Brown v. JP Morgan Chase Bank Nat. Ass'n*, No. 325825, 2016 WL 1612775, at *2 (Mich. Ct. App. Apr. 21, 2016); *Teall v. One W. Bank*, No. 318815, 2015 WL 728562, at *4 (Mich. Ct. App. Feb. 19, 2015); *Gorbach v. US Bank Nat. Ass'n*, No. 308754, 2014 WL 7440290, at *2 (Mich. Ct. App. Dec. 30, 2014).

At any rate, Elzein has not plausibly alleged "fraud or irregularity relating to the foreclosure proceeding" for the reasons the district court gave in dismissing these claims.  *Rubin v. Fannie Mae*, 587 F. App'x 273, 276 (6th Cir. 2014).

---

[1] Since Elzein does not address his claim based on the FDCPA anywhere in his brief, we deem it abandoned on appeal.  *See Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998).  Accordingly, we consider only his complaint's first two counts.

[2] We wish to clarify that "standing" in this context is different from Article III standing.  *Facione v. CHL Mortgage Trust 2006-J1*, 628 F. App'x 919, 920–21 (6th Cir. 2015).

**IV.**

We **AFFIRM** the district court.