MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2021 ME 11
Docket:        Pen-20-188
Submitted
  On Briefs:   January 20, 2021
Decided:       February 25, 2021

Panel:         GORMAN, JABAR, HUMPHREY, and HORTON, JJ.

DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR
RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-
THROUGH CERTIFICATES, SERIES 2007-QS9

v.

STEPHEN L. CLIFFORD

JABAR, J.

[¶1]   Stephen Clifford appeals from the District Court's (Bangor, *Larson, J.*) entry of judgment in favor of Deutsche Bank on Deutsche Bank's foreclosure complaint, contending that the court abused its discretion by admitting several documents under the business records exception to the rule against hearsay. *See* M.R. Evid. 803(6). Clifford also contends the court erred in finding that Deutsche Bank satisfied the elements of proof to support a judgment for foreclosure. We disagree and affirm the judgment.

## I. BACKGROUND

[¶2] In September 2016, Deutsche Bank Trust Company Americas (the Bank), acting as trustee,[1] filed a complaint for foreclosure against Clifford concerning real property that Clifford owned in Brewer. A bench trial was held in the District Court (*Larson, J.*) on July 16, 2018, at which one witness testified—Sally Torres, a senior loan analyst for Ocwen Loan Servicing, LLC. Several exhibits offered by the Bank were admitted *de bene*, including the note, the mortgage, the assignments of the mortgage, the demand letter, and documents showing the amount due. At the conclusion of the trial, the court took the matter under advisement pending further briefing by the parties. The parties submitted written closing arguments.

[¶3] The Bank also filed two post-trial motions to allow the presentation of additional evidence. The one relevant to this appeal sought permission to provide evidence that the Bank had given notice of the foreclosure to the Maine Bureau of Consumer Credit Protection (the Bureau), if the court concluded that

---

[1] Clifford executed a note in favor of Homecomings Financial in 2007, and the note was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Homecomings. The note was assigned three times but because the MERS assignments are not valid, *see Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700, on March 6, 2015, Homecomings executed a quitclaim assignment of the mortgage in favor of Deutsche Bank as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-Qs9. The quitclaim assignment was signed by Homecomings through its attorney-in-fact, Ocwen Loan Servicing, LLC.

such notice was a required element of the Bank's foreclosure claim.  The Bank's Exhibit I, a copy of the receipt from the Bureau, was attached to the motion. Clifford advised the court that he did not intend to respond to the motion.

[¶4]  In December 2018, the court issued an order deferring a ruling on the Bank's motions, stating that "there are two foreclosure cases currently on appeal to the Law Court that could potentially provide guidance to the trial court regarding the very same notice and evidentiary issues that are [in] this case."  Four months later, the court issued an order finding that the Bank's motion seeking to admit evidence of notice to the Bureau was moot.[2]

[¶5]  On May 1, 2019, the court entered a foreclosure judgment in favor of the Bank.  Although the court did not explicitly admit the exhibits that it had admitted *de bene* at the trial, it did so implicitly.  Clifford moved for additional findings of fact and conclusions of law; the motion was denied.  Clifford appealed to this Court.  We issued a memorandum of decision on May 12, 2020, vacating the order denying Clifford's motion for further findings and remanding with instructions for the court to issue express factual findings regarding each

---

[2]  The mootness ruling had been invited by the Bank in its first motion to allow additional evidence: "Plaintiff notes that this Motion is moot in the event that this Court finds that Plaintiff is not required to prove, in order to enforce the mortgage, that notice to the Maine Bureau of Consumer Credit Protection was provided."

4

of the exhibits admitted *de bene*. *See Deutsche Bank Tr. Co. Ams. v. Clifford*, Mem-20-38 (May 12, 2020).

[¶6] On June 26, 2020, following remand, the court issued an order that contained express factual findings as to why the court found each exhibit admitted *de bene* as ultimately admissible under M.R. Evid. 803(6).[3] The court, on remand, found that Torres was a qualified witness who provided the foundational evidence to make the exhibits admissible as business records pursuant to Rule 803(6). The court then reinstated its order of foreclosure entered on May 1, 2019. Clifford timely appeals. *See* M.R. App. P. 2B(c)(1).

## II. DISCUSSION

A. Business Records

[¶7] Clifford contends that the court erred in admitting several exhibits under the business records exception to the hearsay rule, including the mortgage deed (Exhibit B), the affidavit of debt (Exhibit E), and the assignments of the mortgage (Exhibit C). Clifford argues that the testimony of Torres did not establish a sufficient foundation for the admission of the exhibits. *See* M.R. Evid. 803(6).

---

[3] The findings pertained to (1) the promissory note—Bank's Exhibit A; (2) the mortgage deed—Bank's Exhibit B; (3) three assignments of the mortgage—Bank's Exhibit C; (4) the demand letter—Bank's Exhibit D; and (5) judgment figures and payment history—Bank's Exhibit E.

[¶8]  "[W]e review a trial court's foundational findings to support admissibility for clear error and its ultimate determination of admissibility for an abuse of discretion."  *State v. Abdi*, 2015 ME 23, ¶ 16, 112 A.3d 360; *see also Midland Funding LLC v. Walton*, 2017 ME 24, ¶ 18, 155 A.3d 864.

Rule 803(6) provides,

A record of an act, event, condition, opinion, or diagnosis [is admissible hearsay] if:

(A) The record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) Making the record was a regular practice of that activity;

(D) All these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11), Rule 902(12) or with a statute permitting certification; and

(E) The opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

M.R. Evid. 803(6).  In *Bank of New York Mellon v. Shone*, we held that

[a] record that one business has received from another is admissible under Rule 803(6) without testimony about the practices of the business that created the record, provided, first, that the proponent of the evidence establishes that the receiving business has integrated the record into its own records, has

verified or otherwise established the accuracy of the contents of the record, and has relied on the record in the conduct of its operations, and, second, that the opponent of admission has not shown that the record is nonetheless not sufficiently trustworthy to be admitted.

2020 ME 122, ¶ 1, 239 A.3d 671. Because our decision represented a realignment of our precedents, we gave additional guidance concerning the proper application of the Rule:

The traditional method of admitting business records in evidence pursuant to Rule 803(6) is through the testimony of a witness with personal knowledge of the practices of the business or other entity that created the record. The integrated records method is a different method that applies when the record has, in effect, become a business record of a business other than the business that created the record. . . . Thus, the integrated records approach eliminates the need for testimony about the practices of the entity that created the record and shifts the focus to the record's status within the receiving entity.

*Id*. ¶ 8.

[¶9] Here, the trial court specifically found that Torres's testimony supplied the foundation required to satisfy Rule 803(6).

[¶10] Ocwen has been the servicer of the Clifford loan since February 2013, having purchased the loan in bankruptcy from Homecomings, the prior owner and servicer of the loan. Torres worked for Homecomings from 2004 to 2013, and when Ocwen purchased a portfolio of loans (including Clifford's) in bankruptcy from Homecomings, Torres was involved in that

purchase and started working for Ocwen immediately after. Clifford concedes that Torres was "qualified to testify to business records kept by Ocwen" under the "traditional method" described in *Shone* but argues that Torres lacked the necessary familiarity with how Homecomings generated its records.

[¶11]   On remand, the court found that from the day the loan was extended and through trial, Torres had worked for the two companies in charge of servicing Clifford's loan. Torres testified to her familiarity—gained from nine years of employment with Homecomings in a variety of positions—with how Homecomings generated, stored, and maintained such records. Torres testified that it was a regular practice of Homecomings to keep documents such as these. Torres also testified that Clifford's loan and all records related to it came over to Ocwen when Ocwen purchased Homecomings' entire record system.

[¶12]   Torres's testimony satisfied both the traditional rule and the integrated records rule outlined in *Shone*.[4] Torres worked for and understood the regular business practices of both Homecomings and Ocwen. There was sufficient testimony about Torres's personal knowledge of the practices of both

---

[4]   Clifford does not argue that the business records admitted at trial indicated a lack of trustworthiness. *See Bank of New York Mellon v. Shone*, 2020 ME 122, ¶ 28, 239 A.3d 671.

businesses to establish the existence of, and admit, the mortgage deed (Exhibit B),[5] the three assignments of the mortgage (Exhibit C),[6] and the affidavit of debt (Exhibit E). The court did not abuse its discretion by admitting these documents under the business records exception. M.R. Evid. 803(6).

B.      Required Elements

[¶13] In *Bank of America, N.A. v. Greenleaf*, we set out "the eight elements of proof to support a judgment of foreclosure." 2014 ME 89, ¶ 18, 96 A.3d 700. We review the trial court's factual findings underlying a judgment of foreclosure for clear error. *Deutsche Bank Nat'l Tr. Co. v. Wilk*, 2013 ME 79, ¶ 11, 76 A.3d 363.

---

[5] Clifford also argues that even if the mortgage deed was properly admitted, the Bank failed to prove the book and page number of the mortgage because "while Ms. Torres testified as to a book and page number . . . [she] was simply reading it off the copy of the mortgage that was produced to the court." However, the trial court found that Deutsche Bank is the owner of the "mortgage recorded in the Penobscot Country Registry of Deeds in Book 11044, Page 271," and Torres testified as such. The court was in the position to observe the document and hear the testimony; therefore, the court's finding was not clearly erroneous. *Lincoln v. Burbank*, 2016 ME 138, ¶ 59, 147 A.3d 1165.

[6] Clifford makes several arguments about the power of attorney that was included in Exhibit C, the record of assignments. The power of attorney was from Homecomings to Ocwen and allowed Ocwen—as Homecomings' attorney-in-fact—to assign and quitclaim the Clifford loan to Deutsche Bank. The court did not err in finding that all of Exhibit C was admissible as a business record and the copy of the power of attorney from Homecomings to Ocwen, bearing a stamp demonstrating that it was recorded with the Penobscot County Registry of Deeds at Book 13418, Page 283, was included as part of Exhibit C. Clifford's remaining arguments about the power of attorney are waived because he failed to make those arguments at the trial level. *See Cannan v. Bob Chambers Ford*, 432 A.2d 387, 389 (Me. 1981).

1.     Promissory Note

[¶14]  At trial, the Bank presented the court with what it said was the original promissory note.  Clifford, who did not testify, maintained through his attorney that the note was a photocopy, although he did not dispute signing the original, wherever it was.  The Bank separately offered Exhibit A, a copy of the note.  Clifford contends that the Bank failed to prove that it was the owner of the underlying promissory note because Clifford argues the note was a copy, not the original.

[¶15]  The Bank presented the court with the physical note, and Clifford challenged it with nothing more than his attorney's personal observations.  The trial court then performed its role as the fact-finder and determined that the note it had examined was the original.[7]  *See Lincoln v. Burbank*, 2016 ME 138, ¶ 59, 147 A.3d 1165 ("On factual issues, we conduct a deferential review for clear error, meaning that we will defer to the fact-finder's decision as to . . . what significance to attach to particular evidence or exhibits . . . .").

---

[7]  Clifford appears to confuse the note offered to the court as the original with Exhibit A, which Torres identified as "a copy of the original note." The exhibit was admitted *de bene*, and the purported original was returned to the Bank at the end of the trial.  After examining Torres concerning Exhibit A, the Bank's counsel responded to Clifford's objection to the exhibit by saying "[W]e were seeking to admit this as a business record . . . . *We've presented the original promissory note to the Court as well, and . . . our position is that is the original*.  And by presenting it, we've shown the best evidence." (Emphasis added.)

10

[¶16] The trial court, as fact-finder, properly found that the document was the original note and its admission proved that the Bank was the owner of the note.[8]

2. Demand Letter

[¶17] At trial, the trial court initially admitted the Bank's Exhibit D—the demand letter—as a business record over Clifford's objection. Clifford then raised two additional objections: (1) no actual "persons" having the authority to modify the loan—as opposed to Ocwen, a corporation—were identified in the letter, as required by 14 M.R.S. § 6111(1-A)(E) (2020); and (2) there was no evidence that the Bank had given notice of the foreclosure to the Maine Bureau of Consumer Credit Protection as required by 14 M.R.S. § 6111(3-A) (2020). Following the additional objections, the court changed its ruling and admitted the demand letter *de bene*. Following remand, the court found that the testimony of Torres established the admissibility of the record pursuant to

---

[8] Clifford also contends that Exhibit E was insufficient to meet the standard to prove the amount due on the loan as set forth by our decision in *M&T Bank v. Plaisted*, because Torres's testimony reflected "conflicting information as to various unpaid amounts." 2018 ME 121, ¶¶ 29-30, 192 A.3d 601. Whether Deutsche Bank proved the amount due and owed by Clifford is reviewed by us for clear error. *State v. Bartlett*, 661 A.2d 1107, 1108 (Me. 1995). A finding is clearly erroneous only if there is no competent evidence in the record to support it. *Id.* Because there was extensive testimony regarding the contents of Exhibit E, the court was able to weigh this potentially conflicting evidence and did not err in crediting Torres's testimony as more credible, particularly as the only contradiction came from Clifford's attorney's calculations of the figures. *See State v. True*, 2017 ME 2, ¶ 19, 153 A.3d 106 (stating that "the weighing of conflicting or inconsistent evidence . . . falls solidly within the province of the . . . fact finder").

M.R. Evid. 803(6). Clifford does not appeal the admissibility of the letter; rather, Clifford challenges the rulings on his two additional objections.

[¶18] In regard to Clifford's first additional objection, Clifford argues that a 1-800 number to a large company is "insufficient to effectively put Mr. Clifford in touch with someone with the authority to modify his loan, which is the apparent purpose of Section 6111(1-A)(E)." In construing 14 M.R.S. § 6111(1-A)(E), we rely on the general rule that the term "'[p]erson' may include a body corporate" such as Ocwen. 1 M.R.S. § 72(15) (2020). Furthermore, at trial the court questioned Torres directly, eliciting her testimony that "[t]he first number [on the demand letter] for Ocwen is . . . the contact number . . . that [a person] can contact and it will direct them to a live person that's handling their loan." The trial court did not err as "persons" can include corporations, and the trial court found that the letter "met all the [other] requirements of 14 M.R.S. § 6111(1-A)."

[¶19] Next,[9] Clifford argues that the Bank failed to prove compliance with 14 M.R.S. § 6111(3-A) by not sending a notice of the foreclosure to the

---

[9] In its first motion to allow additional evidence, the Bank proffered Exhibit I, purporting to be an emailed receipt from the Bureau demonstrating compliance with the statutory requirement. Clifford did not object; rather, he advised the court, "I do not intend to respond." Because we hold that this is not a required element of proof, there is no need to remand the case for the trial court to admit Exhibit I, which proves compliance with section 6111(3-A).

12

Maine Bureau of Consumer Credit Protection. However, this did not prejudice Clifford because the requirement that notices be served on the Bureau is intended to provide data to state agencies on the number of foreclosures filed each quarter. In interpreting the plain meaning of section 6111(3-A) and the statute as a whole, the Legislature's intent in requiring the notice in the first instance is to provide notice of the foreclosure to the mortgagor,[10] and notice to the Bureau for data collection does not accomplish this. We have never held that compliance with section 6111(3-A) has been required, and now we hold as a matter of law that it is not a required element of proof.

[¶20] We therefore conclude that the Bank proved all the required elements to foreclose by a preponderance of the evidence. *See MTGLQ Inv'rs, L.P. v. Alley*, 2017 ME 145, ¶ 6, 166 A.3d 1002.

The entry is:

Judgment affirmed.

---

[10] Pursuant to 14 M.R.S. § 6321 (2020), a foreclosing plaintiff must "further certify and provide evidence that all steps mandated by law to provide notice *to the mortgagor* pursuant to section 6111 were strictly performed." (Emphasis added.)

Patrick E. Hunt, Esq., Patrick E. Hunt, P.A., Island Falls, for appellant Stephen L. Clifford

Brett L. Messinger, Esq., and Elizabeth M. Lacombe, Esq., Portland, for appellee Deutsche Bank Trust Company Americas

Bangor District Court docket number RE-2016-158
FOR CLERK REFERENCE ONLY