STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-2023-037

VON SCOTT,

      Plaintiff,

v.

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

**ORDER ON DEFENDANT'S
MOTION TO DISMISS AND
MOTION FOR SANCTIONS**

Before the Court is Defendant Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss and Motion for Sanctions. For the following reasons, the Court grants Fannie Mae's Motion to Dismiss and will impose sanctions on Plaintiff Von Scott.

I.    **Facts**

Mr. Scott alleges that he owns "land called 4 Sagamore Lane Brunswick Maine" ("the Property"), "with contract date 12/30/2022."[1] (Pl.'s Compl. ¶ 1.) On December 18, 2019, Fannie Mae commenced foreclosure proceedings against Joseph Sharpe regarding a mortgage it held on the Property. (Pl.'s Compl. ¶ 3.) Fannie Mae recorded the complaint at the Cumberland County Registry of Deeds in Book 36439, Page 90 on February 19, 2020. (Pl.'s Compl. ¶ 2.)

Judgment of foreclosure and sale was entered on May 13, 2022, in docket number WESCD-RE-2019-50. The foreclosure sale occurred on December 16, 2022, and the Property was conveyed by deed dated February 7, 2023. (Def.'s Ex. 2.)[2]

---

[1] In his opposition to Fannie Mae's Motion to Dismiss, Mr. Scott asserts that he acquired the Property by "verbal transfer" on or about July 13, 2020.
[2] The Court may consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a

REC'D CUMB CLERKS OFC
JUN 15 '23 AM 8:33

Mr. Scott asserts, in essence, that Fannie Mae did not establish standing in the foreclosure action because Fannie Mae did not produce the original mortgage recorded in the Registry of Deeds at trial. (Pl.'s Compl. ¶¶ 4-24.) Mr. Scott claims that the judgment of foreclosure has caused a cloud on his title. (Pl.'s Compl. ¶ 2.) He requests that the Court award him treble damages, totaling $1,208,636.73. (Pl.'s Compl. ¶ 27.) He also seems to request a judgment declaring that he has title to the property and that the judgment of foreclosure and sale is void because of fraud. (Pl.'s Compl. ¶ 26.)

## II. Discussion

Fannie Mae has moved to dismiss Mr. Scott's Complaint. Fannie Mae also requests that the Court impose sanctions against Mr. Scott for violation of Maine Rule of Civil Procedure 11.

### A. Motion to Dismiss

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in a complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (citation omitted). Accordingly, the Court must "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The Court may also consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *Moody*, 2004 ME 20, ¶ 10, 843 A.2d 43.

The Court views the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would

---

summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43.

entitle the plaintiff to relief pursuant to some legal theory." *Bonney*, 2011 ME 46, ¶ 16, 17 A.3d 123 (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830).

Mr. Scott characterizes his Complaint as an action to quiet title. His Complaint also raises a wrongful foreclosure claim and an action for a declaratory judgment regarding title to the Property. Fannie Mae argues that Mr. Scott has failed to state a claim for relief because (1) Mr. Scott does not have standing to bring these claims because his allegations establish that he has no interest in the Property, and (2) he cannot obtain relief regarding the validity of the foreclosure judgment through a separate, post-judgment action.

### i. Quiet Title and Declaratory Judgment

"Standing is a threshold issue bearing on the court's power to adjudicate disputes." *Lamson v. Cote*, 2001 ME 109, ¶ 11, 775 A.2d 1134 (quoting *Franklin Prop. Tr. v. Foresite, Inc.*, 438 A.2d 218, 220 (Me. 1981)). "In Maine, standing jurisprudence is prudential, rather than constitutional." *Black v. Bureau of Parks & Lands*, 2022 ME 58, ¶ 27, 288 A.3d 346. "'Just what particular interest or injury is required for standing purposes and the source of that requirement—whether statutory-or common law-based—varies based on the type of claims being alleged.'" *Id.* (quoting *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 7, 96 A.3d 700).

A quiet title action is appropriately brought by a "person in possession of real property . . . or a person who has conveyed such property . . . if he or those under whom he claims or those claiming under him have been in uninterrupted possession of such property for 4 years or more . . . ." 14 M.R.S. § 6651 (2023). The Law Court has described "uninterrupted possession of [the] property for 4 years or more" as an "essential

prerequisite to bringing an action to quiet title." *Harrington v. Garland*, 381 A.2d 639, 641 (Me. 1978) (quoting 14 M.R.S. § 6655); *see Levis v. Konitzky*, 2016 ME 167, ¶ 24, 151 A.3d 20.

Mr. Scott has not alleged uninterrupted possession of the Property for four years or more. Mr. Scott's own allegations demonstrate that he received his interest in the Property from Joseph Sharpe on July 13, 2020, at the earliest. Moreover, as discussed in the next section, Mr. Scott's allegations do not establish that he has any interest—at all—in the Property. He does not have standing to bring a quiet title action.

## ii. Declaratory Judgment

The Declaratory Judgments Act, 14 M.R.S. §§ 5951-5963 (2023), does not create any new cause of action. Rather, the purpose of the Declaratory Judgments Act is to "provide a more adequate and flexible remedy in cases where jurisdiction already exists." *Colquhoun v. Webber*, 684 A.2d 405, 411 (Me. 1996). To have standing to maintain a declaratory judgment action, the plaintiff must have "a claim of right, buttressed by a sufficiently substantial interest to warrant judicial intervention." *Passamaquoddy Water Dist. v. City of Eastport*, 1998 ME 94, ¶ 8, 710 A.2d 897 (quoting *Annable v. Bd. of Env't Prot.*, 507 A.2d 592, 595 (Me. 1986)).

Mr. Scott asserts that he has an interest in the Property, either by virtue of a "verbal transfer" of Joseph Sharpe's interest on July 13, 2020, or by a contract dated December 30, 2022. The problem, however, is that either of these acquisitions would post-date the filing of the foreclosure complaint by Fannie Mae in the Registry of Deeds on February 19, 2020. (Pl.'s Compl. ¶ 2.) 14 M.R.S. 6321 (2023) provides, in relevant part:

> Any other party having a claim to the real estate whose claim is not recorded in the registry of deeds as of the time of recording of the copy of the complaint or the clerk's certificate need not be joined in the foreclosure action, and any such party has no claim against the real estate after completion of the foreclosure sale, except that any such party may move to

intervene in the action for the purpose of being added as a party in interest at any time prior to the entry of judgment.

Mr. Scott's interest, whether obtained by verbal transfer or subsequent contract, would have been foreclosed upon as well. The Property has been conveyed following the foreclosure sale authorized by the foreclosure judgment. Mr. Scott, therefore, has no substantial interest in the Property to bring a declaratory judgment action regarding title to the Property.

### iii. Wrongful Foreclosure

Finally, Mr. Scott asks the Court to declare that the foreclosure judgment and sale were void and award damages therefor. Fannie Mae argues that there is no independent cause of action for this claim and that the proper means to raise a challenge to the foreclosure judgment and sale is through a motion for relief from judgment in the foreclosure action. As at least one other Maine court has noted, the viability of a "wrongful foreclosure" cause of action in Maine is an open question. *See First Tracks Invs. v. Schoolhouse*, No. BCD-CV-11-31, 2012 Me. Bus. & Consumer LEXIS 43, at *26 n.4 (Apr. 13, 2012).

Some jurisdictions have such a cause of action, although the elements vary. *See, e.g., Reeder v. Specialized Loan Servicing LLC*, 266 Cal. Rptr. 3d 578, 586 (Cal. Ct. App. 2020) ("The basic elements of a cause of action for wrongful foreclosure are that the trustee has caused 'an illegal, fraudulent, or wil[l]fully oppressive sale' under the power of sale in a deed of trust; the trustor or other party challenging the sale was prejudiced or harmed; and the trustor tendered the amount of the secured indebtedness or was excused from doing so." (alteration in original) (quoting *Miles v. Deutsche Bank Nat'l Tr. Co.*, 186 Cal. Rptr. 3d 625, 636 (Cal. Ct. App. 2015))); *Facione v. CHL Mortg. Tr.*, 628 F. App'x 919, 921 (6th Cir. 2015) (discussing Michigan law, which permits a post-redemption period

challenge by a mortgagor upon a "clear showing of fraud, or irregularity" in the foreclosure proceedings); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008) ("The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.").

Mr. Scott makes no allegations regarding the foreclosure sale proceedings or selling price. The only "irregularity" or evidence of "fraud" that Mr. Scott alleges is that Fannie Mae offered, and the District Court (West Bath, *Rushlau, J.*) admitted, copies of the mortgage and note rather than the originals at trial. As Mr. Scott himself alleges, the mortgagor, Joseph Sharpe, raised these arguments at hearing in the foreclosure action. As shown in the transcript attached to Mr. Scott's Complaint, Fannie Mae produced the originals for inspection by the Court and Mr. Sharpe, after which the Court admitted copies for purposes of the record. (Tr. 29.) This practice has been accepted by the Law Court as sufficient to prove ownership of the note and mortgage. *Deutsche Bank Tr. Co. Ams. v. Clifford*, 2021 ME 11, ¶¶ 14-16, 246 A.3d 597. Thus, even if Maine law recognized a wrongful foreclosure cause of action and even assuming Mr. Scott would have standing to bring such a claim, Mr. Scott has failed to allege facts that would entitle him to relief.

Because Mr. Scott has failed to plead facts that would entitle him to relief under any theory, the Court must dismiss the Complaint.

### B. Motion for Sanctions

Fannie Mae moves for sanctions against Mr. Scott pursuant to Maine Rule of Civil Procedure 11(a), which provides in relevant part:

> A party who is not represented by an attorney shall sign the party's pleading or motion and state the party's address, including email address. . . . The signature of an attorney or party constitutes a representation by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge, information, and belief there is good ground to

support it; and that it is not interposed for delay. . . . If a pleading or motion is signed with intent to defeat the purpose of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, upon a represented party, or upon both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading or motion, including a reasonable attorney's fee.

Although Fannie Mae initially moved for sanctions on the basis that Mr. Scott knowingly filed this action without grounds to support his claims, additional grounds for Fannie Mae's motion became apparent to Fannie Mae and the Court after receipt of Mr. Scott's opposition to Fannie Mae's Motion to Dismiss.[3] In Mr. Scott's opposition, he cites and quotes several cases. Although the citations are mostly in correct format, with a case name, reporter volume and page number, and year, the citations do not refer to any case that the Court can locate. Searching legal databases for the text of the quotations returns no results. In other words, the cases and quotations are fabricated.

The Court is aware of recent incidents in the legal community involving filings generated in whole or in part by artificial intelligence, such as ChatGPT, that incorporate case citations and quotations which do not, in fact, exist. In the Court's view, blind reliance on artificial intelligence does not excuse misrepresentation of the law to the Court. Although this is especially true for attorneys, who certainly ought to know better than to submit a filing without verifying citations, pro se litigants must be held to the same standard. *See Dep't of Env't Prot. v. Woodman*, 1997 ME 164, ¶ 3 n.3, 697 A.2d 1295.

The Court agrees that sanctions should be imposed both to penalize Mr. Scott's noncompliance with Rule 11 and to deter future litigants from blindly relying on filings generated by artificial intelligence. Accordingly, the Court will order Mr. Scott to pay Fannie Mae's reasonable attorney fees, costs, and expenses incurred in connection with

---

[3] Because Fannie Mae raises these new grounds for its motion for the first time in its reply, the Court will consider Mr. Scott's surreply.

the Motion to Dismiss and Motion for Sanctions upon receipt of an affidavit and supporting documentation. Mr. Scott will have the opportunity to respond solely on the issue of reasonableness of the fees and expenses claimed by Fannie Mae before the Court determines the final amount to be imposed.

## III.  Conclusion

For the foregoing reasons, the Court dismisses Mr. Scott's Complaint and will order sanctions against Mr. Scott for violation of Rule 11.

The entry is:

Defendant Federal National Mortgage Association's Motion to Dismiss and Motion for Sanctions are GRANTED as follows: Plaintiff Von Scott's Complaint is DISMISSED. The Court will order Plaintiff to pay Defendant's costs, expenses, and attorney fees incurred in connection with the Motion to Dismiss and Motion for Sanctions. Defendant shall submit an affidavit and supporting documentation regarding fees and expenses within twenty-one days of the date of this order. After Defendant files such documentation, Plaintiff will then have ten days to respond solely regarding the reasonableness of fees and expenses claimed by Defendant.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___6/14/23___

_____
MaryGay Kennedy, Justice
Maine Superior Court