Neil D. MacKERRON

v.

Thomas R. DOWNING.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 2, 1987.
Decided Dec. 10, 1987.

Neil D. MacKerron, Bridgton, pro se.

Jeffrey Thaler, Berman, Simmons & Goldberg, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

The plaintiff, Neil D. MacKerron, appeals from a judgment of the Superior Court, Cumberland County, dismissing his complaint. MacKerron contends that an attorney counseling one spouse in a potential divorce matter has a duty to notify the adverse spouse of the attorney's representation before advising the client to take actions that would economically affect the adverse spouse. We find no merit to MacKerron's claim and affirm the judgment.

On February 24, 1987, Neil D. MacKerron filed a complaint in the Superior Court alleging the following facts. On or about November 7, 1982, the plaintiff's wife, Beverly MacKerron, left the plaintiff, asserting that she wished to obtain a divorce. Several weeks later the plaintiff realized that jointly-owned certificates of deposit and a joint bank account book were missing from the plaintiff's private safe. The plaintiff alleges that those assets were taken by his wife and placed in her name alone, upon the advice of the defendant, Thomas R. Downing, Esq. According to the complaint, "[s]ince that date of November 7, 1982, *and prior thereto*, the Defendant has acted as attorney and advisor to the Plaintiff's wife, *yet the Plaintiff has had no notice from the Defendant of any kind* that he was, in fact, representing and advising the Plaintiff's wife, Beverly MacKerron, in a divorce action against the Plaintiff until ... December 31, 1982...." (Emphasis in original.) This behavior on the part of the defendant is alleged to have interfered with the advantageous relationship between the plaintiff and his wife, caused financial disruption of the plaintiff's law practice, violated the plaintiff's civil and constitutional rights and caused the plaintiff severe emotional distress. The complaint prays for compensatory and punitive damages.

On June 15, 1987, the defendant's motion to dismiss for failure to state a claim was granted and the plaintiff appealed.

I.

Dismissal of a complaint for failure to state a claim is in order only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. *Hall v. Board of Environmental Protection*, 498 A.2d 260, 266 (Me.1985). In reviewing the dismissal of a complaint for failure to state a claim, the Law Court examines the complaint in the light most favorable to the plaintiff to determine whether it sets forth the elements of a cause of action or alleges facts that could entitle the plaintiff to relief on some legal theory. *Id.* at 267.

We find the plaintiff's complaint, even when viewed in this favorable light, utterly lacking in merit. MacKerron argues that Downing is liable to him in tort for negligence. The plaintiff urges this court to recognize a duty owing from an attorney to a client's adversary. It is impossible to reconcile the duty of an attorney to advocate zealously the interests of his client, as recognized by our bar rules, the law of fiduciary relationships and im-

plicit in our adversary legal system, and the duty that MacKerron would have us impose. An attorney has no duty to notify a client's adversary of the attorney's representation before counseling the client, and the failure so to notify results in no breach. To hold otherwise would be to create an unacceptable conflict of interest that would seriously compromise an attorney's effectiveness as counsel for his client. *Beecy v. Pucciarelli,* 387 Mass. 589, 441 N.E.2d 1035, 1040 (1982). *Cf. Finn v. Lipman,* 526 A.2d 1380, 1383 (Me.1987).

■ MacKerron's claim that the failure of his wife's counsel to notify him before advising her violates his due process rights under the United States and Maine Constitutions is so lacking in substance as to require no discussion.

### II.

■ We find this appeal, prosecuted by an attorney representing himself, so lacking in merit as to be frivolous and intended for delay. 14 M.R.S.A. § 1802 (1980); M.R. Civ.P. 76(f). *See Boothbay Register, Inc. v. Murphy,* 415 A.2d 1079, 1080 (Me.1980); *see also* M.Bar R. 3.7(a). We therefore impose sanctions in the amount of $300 for attorney fees payable to Thomas R. Downing, Esq., or his attorney, plus treble costs.

The entry is:

Judgment affirmed.

Appellant MacKerron is ordered to pay treble costs and attorney fees of $300 to Appellee Downing or his attorney.

All concurring.