Donald E. BARNES, et al.

v.

Thomas A. McGOUGH, et al.

Supreme Judicial Court of Maine.

Argued March 4, 1993.
Decided April 6, 1993.

John S. Campbell (orally), Richard E. Poulos, Poulos & Campbell, P.A., Portland, for plaintiffs.

Jeffrey A. Thaler (orally), Laurie A. Gibson, Berman & Simmons, P.A., Lewiston, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Plaintiffs Donald Barnes and Bernard O'Neill appeal from a judgment of the Superior Court (Cumberland County, *Fritzsche, J.*) dismissing their complaint against defendants John Carpenter, Esq., Charles Miller, Esq., and their law firm, Bernstein, Shur, Sawyer & Nelson ("the lawyer defendants") for failure to state a claim. The plaintiffs contend that their second amended complaint sufficiently alleges claims of fraud, interference with advantageous relations, and both intentional and negligent infliction of severe emotional distress. The lawyer defendants cross-appeal, contending that the Superior Court abused its discretion when it entered a partial final judgment, thereby allowing the plaintiffs to appeal the dismissal. For the reasons stated below, we affirm in part and vacate in part.

The matter in issue arises out of a business transaction involving the sale of plaintiff Barnes' stock in United Fish Company to defendants Thomas and James McGough. The McGoughs hired the law-

yer defendants to assist them in the transaction. In their amended complaint, plaintiffs allege, *inter alia*, that the McGoughs and the lawyer defendants conceived and carried out a scheme to defraud Barnes of his stock, enabling the McGoughs to obtain complete control of the company. The scheme allegedly involved misrepresentations concerning the terms of the sale and compensation for the stock. They further allege that the McGoughs and their attorneys interfered with plaintiffs' advantageous relations with United Fish, because the fraudulent scheme caused the loss of their employment with the company and the loss of profits to which they would otherwise be entitled. They also allege that the defendants, by carrying out their scheme, intentionally inflicted severe emotional distress on them. Negligent infliction of emotional distress is also alleged. The plaintiffs seek to impose on the lawyer defendants direct liability for their own conduct and liability for substantially assisting and encouraging the tortious actions of the McGoughs. *See Restatement (Second) of Torts* § 876 (1977).

The court granted the lawyer defendants' motion to dismiss the complaint for the failure to state a claim. *See* M.R.Civ.P. 12(b)(6). To make the dismissal of their claim against the lawyer defendants ripe for immediate appeal, the plaintiffs moved for the entry of a partial final judgment pursuant to M.R.Civ.P. 54(b).[1] The court granted that motion after a hearing, and this appeal by the plaintiffs followed. The lawyer defendants have taken a cross appeal from the Superior Court's order entering a partial final judgment.

■ In their cross-appeal, the lawyer defendants contend that the Superior Court abused its discretion by entering a partial final judgment. They argue that a review of the factors to be considered by the trial court when making a decision on a Rule 54(b) motion, set forth in *Durgin v. Robertson*, 428 A.2d 65 (Me.1981),[2] compels the conclusion that the entry of a partial final judgment is not warranted in this case. We disagree. Success by the plaintiffs in this appeal will revive their case against the lawyer defendants, and allow the claims against the lawyer defendants to be tried together with the claims against the defendants McGough in a single trial, thereby avoiding the necessity of two trials involving the same historical facts and effecting a substantial savings in court and jury time. Expedition of the work of the trial court is one of the factors set forth in *Durgin*. The trial court's decision on a Rule 54(b) motion is entitled to substantial deference, and we find no abuse of the court's discretion in the entry of a partial final judgment in this case.

■ On the merits of the plaintiffs' appeal, we begin with the principle that a motion to dismiss pursuant to M.R.Civ.P. 12(b)(6) tests the legal sufficiency of the allegations in a complaint, *Richards v. Soucy*, 610 A.2d 268, 270 (Me.1992), not the sufficiency of the evidence the plaintiffs are able to present. Under modern pleading rules, the purpose of a complaint is to provide a defendant with notice of the claim or claims against him, and a motion to dismiss should be denied "if the pleading alleges facts that would entitle the plaintiff to relief upon some theory, or if it avers every essential element of recovery." *Id.*

---

1. M.R.Civ.P. 54(b) provides in pertinent part:

   Except as otherwise provided in Rule 80(d), when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but *fewer than all of the claims* or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

2. In *Durgin v. Robertson*, 428 A.2d 65, 68 (Me. 1981), we said that the factors to be considered include:

   the relationship of the adjudicated and unadjudicated claims, the possibility that the need for review may be mooted by future developments in the trial court, the chance that the same issues will be presented more than once to the appellate court, the possibility that an immediate appeal might expedite the trial court's work, and miscellaneous factors such as likely delay, economic and solvency considerations, the res judicata effect of a final judgment, and the like.

In this case, because the plaintiffs have alleged that the defendants' conduct involved fraud, the provisions of M.R.Civ.P. 9(b) must also be considered in addressing the motion to dismiss. Rule 9(b) provides that when a claim of fraud is made, "the circumstances constituting fraud ... shall be stated with particularity" although the "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."

Applying the foregoing principles to this case, we are compelled to agree with the plaintiffs that their complaint states a claim against the lawyer defendants for fraud, interference with advantageous relations, and intentional infliction of severe emotional distress. The complaint avers every element of each of these torts. Indeed, the allegations made in the second amended complaint, which is sixty pages in length, include more detail than is required by the rules of pleading. *See* M.R.Civ.P. 8(a) (pleading shall contain "a short and plain statement of the claim").

We are unpersuaded by the lawyer defendants' argument that the complaint must be dismissed because it does not allege that they participated in something more than legal representation of clients. The complaint does allege something more than legal representation. It alleges that the attorneys themselves committed tortious acts and that they substantially encouraged and assisted the tortious actions of their clients, the McGoughs.

■ We agree with the lawyer defendants that the claim against them for negligent infliction of severe emotional distress, although sufficiently *pleaded*, must be dismissed. In *MacKerron v. Downing*, 534 A.2d 359, 360–61 (Me.1987), a negligence action against an attorney, we said that an attorney owes no duty to his client's adversary. Since the lawyer defendants owed no duty to Barnes and O'Neill, they cannot be liable to them on a negligence claim.

The entry is:

Judgment dismissing Counts V, VI, VII and VIII of the second amended complaint against Carpenter, Miller, and Bernstein, Shur, Sawyer & Nelson vacated. Remand-ed to the Superior Court for further proceedings consistent with the opinion herein.

Judgment dismissing Counts IX and X of the second amended complaint affirmed.

All concurring.