STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   DOCKET NO. CV-21-019

GORDON WAKELIN, CELESTE    )
CASSETTE, DARREN SETLOW,   )
and JANICE O'ROURKE        )
                           )
        Plaintiffs,        )        ORDER ON DEFENDANTS' MOTION
                           )        FOR PARTIAL JUDGMENT ON THE
v.                         )               PLEADINGS
                           )
JAMES AMBROSE and MIA      )
MARIETTA,

        Defendants

Before this court is Defendants' Motion for Partial Judgment on the Pleadings and

Motion to Strike Plaintiffs' Recent Filings. For the following reasons, Defendants' Motion

for Judgment on the Pleadings is granted. Accordingly, Defendants' Motion to Strike is

denied as moot.

**I. Factual Background**

The Plaintiffs and Defendants are neighbors. The Plaintiffs allege that the

Defendants allow their dogs to behave in a manner that constitutes a nuisance, trespass,

and violates 7 M.R.S. § 3952-A. The Plaintiffs have previously filed a complaint about the

Defendants' dogs with the Yarmouth Police Department. The Plaintiffs also allege that

Defendant, James Ambrose, in his individual capacity, abused his authority as a law

enforcement officer in retaliation for that complaint. The following facts relevant to

Plaintiffs' abuse of authority claim are taken from the Plaintiffs' Complaint.

Defendant Ambrose is a Sherriff's Deputy with the Cumberland County Sherriff's

Office. Plaintiffs allege that "in the past," Defendant Ambrose has "abused his authority

of that office by harassing Plaintiff Wakelin." (Pl's. Compl. ¶ 13.) The Complaint itself

details only one incident of alleged abuse of authority. The incident occurred on October

3, 2018, and it is alleged that Defendant Ambrose followed Plaintiff Wakelin from his

home and performed an illegal stop of Plaintiff's vehicle for alleged speeding. Plaintiff Wakelin alleges that Defendant Ambrose proceeded to "yell[] at Plaintiff Wakelin for filing a complaint with the Yarmouth Police Department[.]" (Pl's. Compl. ¶ 13.) Plaintiff Wakelin, through counsel, filed a complaint regarding the incident with the Cumberland County Sherriff's Office who "upon information and belief, found Ambrose's actions unprofessional and in violation of his authority as a law enforcement officer." (Pl's. Compl. ¶ 14.)

The October 3 incident is the only allegation that suggests Defendant Ambrose acted inappropriately with respect to his law enforcement authority. While Plaintiff Wakelin has submitted an affidavit in support of the Complaint alleging that Defendant Ambrose engaged in bullying behaviors on multiple other occasions, there are no allegations that suggest these bullying incidents were done under the color of law or performed while Defendant Ambrose was acting in his official capacity as a sheriff's deputy.

The instant Complaint was filed on November 19, 2020. The Complaint alleges: nuisance (Count I); violation of 7 M.R.S. § 3952-A (Count II); animal trespass (Count III); and abuse of authority (Count IV). The Defendants have moved for partial judgment on the pleadings in regard to Count IV. The Defendants allege that Count IV must be dismissed because the claim is time barred by the statute of limitations found in the Maine Tort Claims Act and, in the alternative, because "abuse of authority" is not a recognized cause of action under Maine law.

## II. Standard of Review

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." M.R. Civ. P. 12(c). A motion for judgment on the pleadings is treated the same as a motion to dismiss brought pursuant

to M.R. Civ. P. 12(b)(6). *See Wavenock, LLC. v. DOT,* 2018 ME 83, ¶ 4, 187 A.3d 609. A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in the complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough,* 623 A.2d 144, 145 (Me. 1993)(internal citations omitted). The court shall "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.,* 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher,* 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* The court is not bound to accept legal conclusions in the complaint. *See Seacost Hangar Condo. II Ass'n v. Martel,* 2001 ME 112, ¶ 16, 775 A.2d 1166.

Although the motion to dismiss "standard is forgiving, it must still give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief." *Meridian Med. Sys., LLC v. Epix Therapeutics, Inc.,* 2021 ME 24, ¶ 2, ___ A.3d ___ (quotations omitted). "The complaint must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitled him or her to relief." *Id.*

## III. Discussion

The Defendants allege that Count IV, abuse of authority, is barred by the statute of limitations found in the Maine Tort Claims Act. Civil actions against government employees "shall be brought in accordance with the terms of the" MTCA. 14 M.R.S. § 8103(1). "Every claim against a governmental entity or its employees permitted under [the MTCA] is forever barred . . . unless an action therein is begun within 2 years after the

cause of action accrues[.]" 14 M.R.S. § 8110. A government employee is defined as "a person acting on behalf of a governmental entity in any official capacity[.]" 14 M.R.S. § 8102(1). Sheriffs and sheriff's deputies are government employees under the MTCA. *See* 30-A M.R.S. § 381 (statute governing appointment of sheriff's deputies); *Hilderbrand v. Wash. County Comm'rs*, 2011 ME 132, ¶ 11, 33 A.3d 425.

The MTCA governs Count IV because the Plaintiffs' allege that Ambrose abused his authority while acting in his official capacity as a sheriff's deputy. However, the Complaint only alleges the October 3rd incident to support the abuse of authority claim. Although the Wakelin affidavit outlines additional instances of potentially abusive conduct, these instances are not detailed within the four corners of the Complaint. Moreover, the affidavit itself is unclear as to whether these instances occurred while Ambrose was acting in his official capacity as a sheriff's deputy. Accordingly, the only facts the Plaintiffs' might prove to support their abuse of authority claim occurred on October 3, 2018.

The statute of limitations for a civil action arising out of Ambrose's stop of Wakelin expired on October 3, 2020. The present action was not filed until November, 2020. Accordingly, there are no set of facts alleged in the Complaint upon which the Plaintiff would be entitled to relief because the actions giving rise to the cause of action occurred more than two years before this action was filed. Accordingly, the Plaintiff has failed to state a claim upon which relief could be granted in regards to Count IV.

The Plaintiffs' argument that dismissal is inappropriate because there are genuine issues of material fact regarding the October 3 stop is unavailing. Whether there are genuine issues of fact is a matter reserved for summary judgment under M.R. Civ. P. 56. Although a motion for judgment on the pleadings may be converted to and disposed of in accordance with the rules for summary judgment, such occurs if "matters outside the

pleadings are presented to and not excluded by the court." M.R. Civ. P. 12(c). The Defendants' Motion is limited to the allegations contained in the Complaint and the facts that might be proven therefrom. It would therefore be inappropriate for this court to convert the Motion to one for summary judgment.

## V. Conclusion

Count IV as alleged in the Complaint is barred by the statute of limitations found in the Maine Tort Claims Act.

The entry is:

Defendants' Partial Motion to Dismiss is GRANTED and Count IV of Plaintiffs' Complaint is hereby DISMISSED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: June 1, 2021

MaryGay Kennedy
Justice, Superior Court

GORDON WAKELIN, CELESTE )
CASSETTE, DARREN SETLOW, )
and JANICE O'ROURKE )
                        )
         Plaintiffs,         )
                        )
     v.                 )
                        )
JAMES AMBROSE and MIA )
MARIETTA,                

ORDER ON PLAINTIFFS' MOTION
REQUEST FOR TEMPORARY
RESTRAINING ORDER

        Defendants



Before the court is Plaintiffs' Motion for a Temporary Restraining Order. For the following reasons, Plaintiffs' Motion is denied.

**I. Facts**

The Plaintiffs and Defendants are neighbors. The Plaintiffs allege that the Defendants allow their dogs to behave in a manner that constitutes a nuisance, trespass, and violates 7 M.R.S. § 3952-A. The Plaintiffs have previously filed a complaint about the Defendants' dogs with the Yarmouth Police Department. The Plaintiffs also allege that Defendant, James Ambrose, in his individual capacity, abused his authority as a law enforcement officer in retaliation for the complaint to the Yarmouth Police Department.

The Plaintiffs have filed an affidavit from Plaintiff Gordon Wakelin in support of this Motion. Wakelin alleges that the Defendants' dogs bark "almost constantly." (Wakelin Aff. ¶ 3.) Wakelin also alleges that Defendants' dogs are aggressive to such an extent that the Plaintiffs' are unable to play with their own animals or enjoy their own respective yards. Wakelin also states that the barking begins every morning at approximately 6:00 a.m. and that delivery drivers refuse to deliver packages past the end of Plaintiffs' respective driveways. Although Wakelin alleges that Animal Control has

been notified about these issues, no evidence of any Animal Control investigation has been provided in support of this Motion.

Defendant, James Ambrose, is a Sherriff's Deputy with the Cumberland County Sherriff's Office. The Wakelin affidavit alleges multiple incidents where Defendant Ambrose has engaged in bullying behavior and intentionally induced his dogs to start barking or howling. Some of these incidents are alleged to have occurred while Defendant Ambrose was in his Cumberland County patrol vehicle. Although the affidavit states that Wakelin has video and photographic evidence of these and other incidents, is has not been provided in support of this Motion.

The Plaintiffs filed this action alleging: common law public and private nuisance (Count I); violation of 7 M.R.S. § 3952-A (Count II); animal trespass (Count III); and abuse of authority (Count IV). The Plaintiffs' Complaint also requests a Temporary Restraining Order and Preliminary Injunction on Counts I and IV.

## II. Legal Standard

A court may grant a temporary restraining order if it concludes the following criteria are met: (1) the plaintiff will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting the injunctive relief will inflict on the Defendant; (3) the plaintiff has a likelihood of success on the merits; and, (4) the public interest will not be adversely affected by granting the injunction. *Bangor Historic Track, Inc. v. Dep't of Agriculture,* 2003 ME 140, ¶ 9, 837 A.2d 129. "Failure to demonstrate that any one of these criteria are met requires that injunctive relief be denied." *Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.,* 2003 ME 140, ¶10 837 A.2d 129 (citation omitted).

## III. Discussion

### A. Nuisance

The elements of common law private nuisance are: (1) the defendant acted with the intent of interfering with another's right to use and enjoy their own property; (2) interference of the kind intended; (3) the interference was substantial such that it caused a reduction in the value of the land; and (4) the interference was of such a nature, duration, or amount as to constitute unreasonable interreference with the use and enjoyment of the land. *See Johnson v. Me. Energy Recovery Co., Ltd. P'ship*, 2010 ME 52, ¶ 15, 997 A.2d 741. Conversely, a public nuisance is an unreasonable interference with a right common to the general public and the plaintiff must show that they have suffered some special or peculiar damages other than those sustained by the public generally. *See Charlton v. Town of Oxford*, 2001 ME 104, ¶ 27, 774 A.2d 366; *see also Restatement (Second) of Torts* § 821B (1979).

### 1. Likelihood of Success on the Merits

The Plaintiffs' must show that success on the merits of their nuisance claims is "reasonably likely." *See generally Bangor Historic Track Inc.*, 2003 ME 140, ¶ 9, 837 A.2d 129; *Department of Environmental Protection v. Emerson*, 563 A.2d 762, 167-68 (Me. 1989). Here, the Plaintiffs' have failed show that they are reasonably likely to succeed on the merits for a public and private nuisance because there is insufficient evidence to establish whether there has been an unreasonable interference with the use and enjoyment of Plaintiffs' property. The only evidence presented to support Plaintiffs' nuisance claims are the allegations contained in the Wakelin affidavit. These allegations, if proven, could constitute an intentional and unreasonable interference with the Plaintiffs' use and enjoyment of their property. However, no evidence has been presented to corroborate Wakelin's allegations. Although Wakelin claims to have evidence that supports his allegations, such claims are an insufficient substitute for the evidence itself. Without more, the court cannot say that the Plaintiffs' have shown that they are reasonably likely

to prove an unreasonable interference with the use and enjoyment of their property. Accordingly, the Plaintiffs cannot show that they are entitled to a temporary restraining order.

## B. Abuse of Authority

The court has dismissed Plaintiffs' abuse of authority claim (Count IV). Accordingly, the Plaintiffs' request for a TRO is moot with regard to Count IV.

## Conclusion

The Plaintiffs' Motion for a Temporary Restraining Order is DENEID. Should the Plaintiffs wish to present further evidence in support of their request for a preliminary injunction, the Plaintiffs should either provide that evidence to the court by motion or request an evidentiary hearing.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: June 1, 2021

MaryGay Kennedy
Justice, Maine Superior Court