STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
LOCATION: PORTLAND
CIVIL ACTION
DOCKET NO. AP-2021-0014

MARK R. RICHARDSON,                )
                                   )
        PLAINTIFF,                 )
                                   )
    v.                             )
                                   )   ORDER ON DEFENDANT'S MOTION
MAINE DEPARTMENT OF                )   TO DISMISS PLAINTIFF'S RULE 80C
TRANSPORTATION,                    )   APPEAL AND MOTION TO STRIKE
                                   )   PLAINTIFF'S OPPOSITION
        DEFENDANT,                 )
                                   )
                                   )

Before the court is Defendant Maine Department of Transportation's ("MaineDOT")

Motion to Dismiss Plaintiff's administrative appeal brought pursuant to Me. R. Civ. P. 80C, and

the Defendant's Motion to Strike Plaintiff's Opposition to the Motion to Dismiss. The Plaintiff's

initial complaint filed on June 4th, 2021 was incorrectly docketed as a Rule 80C Appeal.

Regardless of this labeling, and for the foregoing reasons, the Defendant's Motion to Dismiss

Plaintiff's complaint is DENIED without prejudice to a future Motion to Dismiss filed as a result

of Plaintiff's failure to comply with this court's instructions. The Defendant's Motion to Strike

the Plaintiff's Opposition is also DENIED. Plaintiff has thirty days from the date of this order to

(1) refile this action in the name of the correct parties in interest and (2) obtain counsel to

represent the entity owners of parcels seven, eight and nine as required by Maine law. Failure to

do so will result in the dismissal of Mr. Richardson's claims with prejudice.

1

Entered on the Docket: 8/25/21

## I. **Factual Background**

On August 20, 2019, the MaineDOT recorded a "Notice of Layout and Taking" ("Notice") in the Cumberland County Registry of Deeds which provided that the MaineDOT's alterations of State Highway Sixteen in Gray, Maine would impact eleven total parcels of privately owned land. (Mot. Dismiss 2.) The Department determined that the road construction was a public exigency which justified the taking of, and subsequent payment of fair market value for, all or part of these parcels. (Mot. Dismiss 2.) MaineDOT was acting pursuant to the United States and Maine Constitutions which both allow for government actors to commandeer private property for public use provided just compensation is paid to the private property owners. US. Const. amend. V; Maine Const. art 1, § 21.

Three parcels are at issue in this action and are identified in the Maine DOT's Notice as the parcels numbered seven, eight and nine. Parcel seven was taken in its entirety, while parcels eight and nine were partially taken. (Mot. Dismiss 3.) At the time of the filing of the Notice, the owner of record of parcel seven was "Mark Richardson, Inc. f/k/a Dry Mills Store," parcel eight was owned by "Sunrise Roth, LLC," and parcel nine was owned by "Pensco Trust Company, Custodian FBO Mark Richardson IRA." (Mot. Dismiss 2-3.)

Mark Richardson, the Plaintiff here, is a resident of Gray, Maine who presumably holds stock in the three corporate entities which separately own these parcels. The court was not provided with any evidence of Mr. Richardson's level of involvement in any one of these entities, nor does the court have any information as to whether these entities actually exist.

In order to provide the owners of these parcels with just compensation, MaineDOT had parcel seven and the partial portions of parcels eight and nine appraised. (Mot. Dismiss 2.) The

2

appraiser valued parcel seven at $500, the taken portion of parcel eight at $40,625, and the taken portion of parcel nine at $950. (Mot. Dismiss Ex. 5-7.)

Mr. Richardson vigorously objected to these value determinations, claiming that MaineDOT's appraiser did not properly calculate the "highest and best use" of the parcels.[1] (Pl.'s Opp. Mot. Dismiss 1.) Subsequently, he brought his objections in front of the Maine Claims Commission ("Commission").[2] (Mot. Dismiss 3.) On May 6th, 2021, the Commission rendered a decision affirming the fair market value determination of parcels seven and eight and awarding an additional $158.69 to Mr. Richardson for parcel nine. (Mot. Dismiss Ex. 1.)

On June 4th, 2021, Mr. Richardson, proceeding pro se, brought an action in Cumberland County Superior court seeking to "file a petition of complaint" against Maine DOT challenging the Commission's decision upholding Maine DOT's fair market value determinations of the subject parcels. (Pl's Compl.) Mr. Richardson's complaint was improperly characterized as a Rule 80C appeal by the clerk and as such, MaineDOT was served with what appeared to be a rule 80C appeal by Mr. Richardson.

The MaineDOT then timely filed a Motion to Dismiss the misdocketed 80C appeal alleging three specific grounds for dismissal. (Mot. Dismiss 3.) First, MaineDOT alleged that an 80C appeal was not the proper procedural vehicle to challenge the fair market value determination made by the Maine Claims Commission. *Id.* Second, MaineDOT claimed that even if Mr. Richardson's complaint was procedurally proper, he lacked standing to bring claims on behalf of the three entities who own the parcels. *Id.* Third, MaineDOT asserts that Mr.

---

[1] A "highest and best use" calculation is the general guideline for making a determination of just compensation when a taking occurs. Specifically, Mr. Richardson claims that the "highest and best use" of the parcels should have been calculated based on their assemblage potential, that is, the potential use of the parcels if combined into one.
[2] The Commission is a statutorily created body "empowered to make awards of just compensation . . . and to establish . . . a procedure designed to afford any interested party . . . a prompt, efficient and inexpensive method of determination of just compensation." *See* 23 M.R.S. § 151.

3

Richardson's appeal must be declared null and void because his procession pro se constitutes the unauthorized practice of law on behalf of a corporation in violation of 4 M.R.S. § 807. *Id.*

Mr. Richardson timely filed his opposition and once MaineDOT became aware on July 28th, 2021, they filed a Motion to Strike the Opposition alleging a violation of Me. R. Civ. P. 5(a), or, in the alternative, a Motion for Leave to file a reply to the opposition. (Def. Mot. Strike 3.)

## II. Legal Standard for Motion to Dismiss

A motion filed pursuant to rule 12(b)(6) "tests the legal sufficiency of the allegations in the complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993)(internal citations omitted).

When ruling on a motion to dismiss, the court shall "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## III. Discussion

The 5th amendment to the United States Constitution prohibits government actors from taking private property for public use without providing "just compensation" to property owners. Article 1 § 21 of Maine's Constitution prohibits the same. Mr. Richardson objects to the adequacy of the compensation provided to him and alleges that MaineDOT's fair market value

4

calculations of the subject parcels were incorrect, violating his constitutional right to just compensation. *See Curtis v. Maine State Highway Com.*, 160 Me. 262, 266 (1964).

MaineDOT does not address the compensation award but instead, in its Motion to Dismiss, asks the court to preclude Mr. Richardson's challenge. Accordingly, the court must first consider whether Mr. Richardson's complaint was the proper procedural vehicle for his appeal. Second, it must consider whether Mr. Richardson had standing to bring his action. Third, the court considers whether Mr. Richardson's procession pro se on behalf of the three entities which own parcels seven, eight and nine warrants a dismissal.

### A. Proper Appellate Procedure

MaineDOT first alleges that a Rule 80C appeal is not the proper procedural vehicle for Mr. Richardson's claim. A final agency determination is reviewable by the Superior Court upon the petition of an aggrieved party unless such a review would be inconsistent with provision(s) set forth in statute. Me. R. Civ. P. 80C. Owners of properties which have been subjected to a constitutional taking may seek resolution of a dispute concerning the determination of the fair market value of their property by bringing their dispute before the State Claims Commission ("Commission"). *See* 23 M.R.S. § 151. Any party aggrieved by a decision of the Commission may appeal to the "Superior Court in the county where the land is situated within 30 days of issuance of the commission award." 23 M.R.S. § 157. Such an appeal is taken by "setting forth substantially the facts upon which the case will be tried like other civil cases." *Id.*

Here, Mr. Richardson filed a complaint in the Superior Court on June 4th, 2021. The complaint was filed within the thirty-day time period required by Section 157 and set forth facts alleging the improper determination of the fair market value of Mr. Richardson's property. Although lacking many of the customary details, Mr. Richardson's complaint was sufficient to put

5

MaineDOT on notice of his claim. The procedural error resulting in the docketing of his action as an 80C appeal was not of Mr. Richardson's doing. Accordingly, the court first analyzes whether Mr. Richardson's complaint meets the requirements of Section 157 and second, whether it comports with the standards of Rule 12(b)(6).

Section 157 requires only that the complaint set forth "substantially the facts of the case." Mr. Richardson's complaint comports with this requirement as his complaint makes clear that he is filing a "claim against the MaineDOT," regarding an "eminent domain issue" involving the "fair market value" of three parcels located "at the [Route] 26 [and] [North] Raymond [Road] intersection." (Pl.'s Compl.) These allegations set forth sufficient facts to sustain a Section 157 claim.

Next, the court must consider whether Mr. Richardson's complaint survives the motion to dismiss standard under Rule 12(b)(6). Mr. Richardson's complaint clearly states that he is challenging the "fair market value" determination of "three parcels" located in Gray, Maine off of Route 26, in connection with an "eminent domain" proceeding. In addition, Mr. Richardson also identifies the party to be sued, the MaineDOT. On these facts as plead, Mr. Richardson states a claim seeking a redetermination of value upon which relief may be granted. Accordingly, the court finds that Mr. Richardson's complaint survives the Defendant's motion under Rule 12(b)(6).

## A. Third Party Standing

Next, MaineDOT asks the court to dismiss Mr. Richardson's complaint because he lacks standing to maintain his action on behalf of the owners of parcels seven, eight and nine.

Standing is a condition of justiciability, a prerequisite to the jurisdiction of the court. *See Madore v. Maine Land Use Regulation Comm'n*, 1998 ME 178 ¶ 8, 715 A.2d 157. The gist of

the question of standing is whether the party seeking review has a sufficient personal stake in a justiciable controversy to assure the existence of that concrete adverseness that facilitates diligent development of the legal issues presented. *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1379 (Me. 1996)(internal quotations omitted).

Generally, a party may not seek to obtain third party standing by asserting the legal rights of another. *See e.g., Common Cause v. State*, 455 A.2d, 1, 6 (Me. 1983). Third party standing may not be conferred on corporate shareholders who bring an action on behalf of a third party corporation even if a shareholder bringing suit loses the value of his investment. *See Dubois v. Town of Arundel*, 2018 Me. Super. Lexis 46 at *7-8 (Feb. 1, 2018)(quoting 19 Am. Jur. 2d *Corporations* § 1925 (1986)). *See also Pignato v. Dein Host, Inc.*, 835 F.2d 402 (1st Cir. 1987)(holding that actions brought by shareholders to enforce corporate rights or redress injuries to a corporation cannot be maintained by a stockholder in his own name, even if there is only one shareholder in the corporation).

Litigants may, however, assert the rights of third parties when they can demonstrate that they have suffered some sort of particularized injury. *Stull v. First Am. Title Ins. Co.*, 2000 ME 21 ¶ 11, 745 A.2d 975. This requirement is met when the defendant's actions have adversely and directly affected the plaintiff's property, pecuniary or personal rights. *Id.*

Mr. Richardson, in his individual capacity, is not the owner of the three parcels which this dispute centers upon. Parcel seven is owned by "Mark Richardson, Inc. f/k/a Dry Mills Store," parcel eight by "Sunrise Roth, LLC," and parcel nine by "Pensco Trust Company, Custodian FBO Mark Richardson IRA." Moreover, Mr. Richardson has not demonstrated that he has suffered a particularized injury from the Commission's affirmation of MaineDOT's fair market value determinations of parcels seven, eight and nine. Accordingly, only those separate

7

entities which own the affected properties have standing to bring a Section 157 action to challenge the underlying value determination and subsequent affirmation or slight adjustment.

Because Mr. Richardson does not personally own the parcels at issue in this action, and has not demonstrated that he has personally suffered any particularized injury, Mr. Richardson's Complaint fails to allege facts sufficient to show that he has standing to bring a Section 157 action under the circumstances.

## B. Maine Rule of Civil Procedure 17(a).

Despite Mr. Richardson's lack of standing to bring suit on behalf of the three entities which own the parcels at the heart of this dispute, this court cannot simply dismiss Mr. Richardson's claim. Me. R. Civ. P. 17(a) provides, in relevant part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by. . . substitution of the real party in interest; and such . . . substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

This rule directs a court to allow a plaintiff who files a complaint employing an incorrect name, a reasonable amount of time to substitute the real party in interest in his complaint. *See Tisdale v. Rawson*, 2003 ME 68, 822 A.2d 1136. Rule 17(a)'s primary purpose is to prohibit forfeiture of an action when the determination of the proper prosecuting party is difficult or when an understandable mistake has been made. *Id.*

In the instant case, Mr. Richardson made an understandable mistake. A legally inexperienced pro se litigant upset over the taking of land he owned in some capacity cannot be expected to comprehend the complexities of third party standing. Pursuant to Rule 17(a), this court grants Mr. Richardson thirty days from the date of this order to refile his complaint under

8

Section 157 utilizing the proper names of the parties in interest. Failure to do so will result in dismissal of his claim upon the filing of a renewed motion to dismiss by the Defendant.

## C. Unauthorized Practice of Law

In its Motion to Dismiss, MaineDOT also sought to dismiss the Plaintiff's complaint on the grounds that Mr. Richardson is proceeding as a pro se litigant on behalf of the corporate owners of the affected parcels. MaineDOT alleges that Mr. Richardson cannot personally represent these individual entities and, in doing so, is engaging in the unauthorized practice of law in violation of 4 M.R.S. § 807. The court also declines to dismiss the action for this reason, at this time.

The court agrees, however, that if Mr. Richarson were to proceed pro se on behalf of the three entities which own the subject parcels, he would be engaging in the unauthorized practice of law in violation of 4 M.R.S. § 807(1). This would compel the dismissal of Mr. Richardson's Section 157 claim. *See Spickler v. York*, 566 A.2d 1385, 1390 (Me. 1989)(affirming the dismissal of a counterclaim brought by a pro se litigant on behalf of a corporation and holding that a corporation "cannot bring an action unless it is represented by a licensed attorney.")

If Mr. Richardson takes advantage of the thirty days offered to him by the court to substitute the real parties in interest in the complaint, those entities must also retain counsel or risk dismissal.

## IV. Motion to Strike

After learning of the Plaintiff's opposition filed in response to their Motion to Dismiss, MaineDOT moved to strike the opposition on the grounds that they were not properly provided a copy of the opposition in accordance with Me. R. Civ. P. 5(a) (Def. Mot. Strike 2.) Specifically, MaineDOT alleges that Mr. Richardson's failure to provide them with a copy of his opposition is

9

a violation of Me. R. Civ. P. 5(d) which expressly provides that a "filing by a party" pursuant to Rule 5(a), constitutes a "representation by the party" that "a copy of the paper has been, or will be, served upon each of the other parties as required by subdivision (a) of this rule"

The court notes that Mr. Richardson violated Rule 5(a) yet denies MaineDOT's Motion to Strike his opposition. The Plaintiff(s) are to provide counsel for MaineDOT with copies of every document that he or they file with the court. Failure to do so may result in sanctions.

The court also declines to grant the Defendant's motion, in the alternative, seeking leave to reply to Mr. Richardson's opposition. As a matter of judicial efficiency, the court decides the Defendant's motion to dismiss instead. Mr. Richardson's opposition went to the merits of the Department's decision. Any reply submitted by the Department therefore would not have addressed the procedural basis of the court's decision on the motion to dismiss. If the court is incorrect in that assumption, MaineDOT is welcome to file a Motion to Reconsider. Given the procedural posture of the case and the procedural nature of the order on the Motion to Dismiss, the court sees the need for it as unlikely.

## V. Conclusion

Mr. Richardson's complaint filed on June 4th, 2021 initially survives MaineDOT's Motion to Dismiss as it comports with the statutory requirements of 23 M.R.S. § 157 and Me. R. Civ. P. 12(b)(6). However, Mr. Richardson lacks standing to file suit for a redetermination of the fair market valuation of parcels seven, eight and nine because those parcels are owned by separate and distinct entities and Mr. Richardson has not alleged any particularized injury which would confer third party standing upon him. Pursuant to Me. R. Civ. P. 17(a), Mr. Richardson has thirty days from the date of this order to substitute the correct parties in interest in the original complaint and retain counsel to prosecute those claims.

10

The court also denies Defendant's Motion to Strike and declines to grant Defendants leave to reply to Mr. Richardson's opposition at this time.

Entry is:

Defendants' Motion to Dismiss is DENIED, without prejudice to a new motion if Plaintiff does not name the correct party in interest and those parties are not represented by counsel.

Defendants' Motion to Strike is DENIED

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: August 25, 2021

Thomas McKeon,
Justice, Maine Superior Court