STATE OF MAINE
CUMBERLAND, ss.
SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2022-82

LAW OFFICE OF STEPHEAN C.
CHUTE, ESQ. and STEPHEAN C.
CHUTE, ESQ.,

       Plaintiffs/Counterclaim
       Defendants,

v.

LEGAL-EASE, LLC and JEFFREY
BENNETT, ESQ.,

       Defendants/Counterclaim
       Plaintiffs.

**ORDER ON
PLAINTIFFS/COUNTERCLAIM
DEFENDANTS' MOTION TO
DISMISS COUNTERCLAIM**

This matter is before the Court on Plaintiffs/Counterclaim Defendants Law Office of Stephean C. Chute, Esq., and Stephean C. Chute's (collectively, "Attorney Chute") Motion to Dismiss Counterclaim. Defendants/Counterclaim Plaintiffs Legal-Ease, LLC ("Legal-Ease") and Jeffrey Bennett (collectively, "Defendants") oppose the motion. For the following reasons, the Court grants Attorney Chute's Motion to Dismiss as to Counts I and III of the Counterclaim and denies the motion as to Count II of the Counterclaim.

## I.    Background

The following facts are drawn from the Counterclaim. Legal-Ease is a Maine business entity and law firm. (Countercl. ¶ 1.) Attorney Bennett is the president of Legal-Ease. (Countercl. ¶ 6.) On January 29, 2021, Attorney Chute met in person with Attorney Bennett at Legal-Ease's office to discuss a summary judgment motion filed on January 25, 2021, against clients of Legal-Ease. (Countercl. ¶¶ 5, 6.) On the same day, Attorney Chute accepted an assignment to respond to the summary judgment motion. (Countercl. ¶ 7.) He agreed to timely perform the work and meet the summary judgment response

Entered on the Docket: 8/12/2022

REC'D CUMB CLERKS OFC
AUG 12 '22 PM1:22

deadline. (Countercl. ¶ 9.) Attorney Bennett told Attorney Chute that if he needed an enlargement of time to respond to the motion for summary judgment that Attorney Chute needed to contact opposing counsel to request an enlargement, to which Attorney Chute agreed. (Countercl. ¶ 8.) Attorney Chute left Legal-Ease's offices that day with a paper copy of the summary judgment motion. (Countercl. ¶ 10.)

Several weeks passed without Legal-Ease or Attorney Bennett hearing from Attorney Chute or receiving Attorney Chute's draft opposition to the summary judgment motion. (Countercl. ¶ 11.) On or about February 24, 2021, Attorney Bennett called Attorney Chute. (Countercl. ¶ 12.) Attorney Chute informed Attorney Bennett that he had nearly completed the summary judgment opposition draft, and that he believed the deadline had not yet passed. (Countercl. ¶ 12.) Attorney Bennett asked Attorney Chute if he had obtained an enlargement, to which Attorney Chute replied that he had not. (Countercl. ¶ 14.) Attorney Bennett informed Attorney Chute that the deadline had passed on February 17. (Countercl. ¶ 15.) Attorney Bennett then contacted opposing counsel to request an enlargement of time to oppose the summary judgment motion. (Countercl. ¶ 16.) Opposing counsel declined the request. (Countercl. ¶ 16.) The Superior Court ultimately found that the opposition to the motion for summary judgment was untimely. (Countercl. ¶ 22.)

The Counterclaim includes three counts. In Count I, Negligence and Professional Negligence, Defendants contend that Attorney Chute owed Defendants "a duty to act as a reasonable and prudent attorney," and that he breached that duty by failing to meet deadlines and produce legally sound work product, resulting in damage to Defendants. In Count II, Breach of Contract, Defendants assert that Attorney Chute breached a contract among the parties by failing to meet deadlines and produce legally sound work product, resulting in damage to Defendants. Finally, in Count III, Breach of Fiduciary

Duty, Defendants claim that Attorney Chute owed Defendants fiduciary duties "as an independent contract attorney performing legal services" and breached fiduciary duties owed to Defendants "by mis-representing [sic] the status of his work, publishing confidential Legal-Ease client information and confidential billing and financial information in his Complaint, by failing to comply with the Rules of Professional Conduct, by failing to punctually perform projects and by failing to provide legally sound work product, all resulting in damages to [Defendants]." Attorney Chute moves to dismiss the Counterclaim pursuant to M.R. Civ. P. 12(b)(6).

## II.   Motion to Dismiss Standard

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in a complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (citation omitted). Accordingly, the court must "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The court may also consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43.

The court views the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Bonney*, 2011 ME 46, ¶ 16, 17 A.3d 123 (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830).

## III. Discussion

Counts I and III of the Counterclaim sound in tort, while Count II sounds in contract. Accordingly, the Court will address Counts I and III together before proceeding to address Count II.

### A. Tort Claims: Counts I and III

The threshold issue to each of Defendants' tort claims is whether an attorney-client relationship existed between Attorney Chute and Defendants. *See Savell v. Duddy*, 2016 ME 139, 20, 147 A.3d 1179. "[T]he general rule is that an attorney owes a duty of care to only his or her client." *Est. of Cabatit v. Canders*, 2014 ME 133, ¶ 21, 105 A.3d 439. "'[A]n attorney-client relationship is created when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance.'" *Savell*, 2016 ME 139, ¶ 21, 147 A.3d 1179 (brackets in original) (quoting *Bd. of Overseers of the Bar v. Mangan*, 2001 ME 7, ¶ 9 763 A.2d 1189).

Defendants argue that they formed an attorney-client relationship with Attorney Chute by hiring Attorney Chute to complete work on behalf of Legal-Ease for clients of Legal-Ease. Clearly, however, the allegations in the Counterclaim do not satisfy the first step of the *Mangan* test. Defendants did not seek legal advice or assistance from Attorney Chute for their own purposes. Rather, Defendants sought a relationship with Attorney Chute by which their mutual clients would benefit from Attorney Chute's legal advice and assistance.

Defendants cite no Maine authority supporting a cause of action for professional negligence against co-counsel, nor is the Court aware of any such authority. And, despite Defendants' arguments to the contrary, Attorney Chute's status as an independent

contractor rather than an employee has no impact on the analysis under the *Mangan* test. Because Defendants have failed to satisfy the first step of the *Mangan* test, the Court need not proceed to the remaining steps. *See Savell*, 2016 ME 139, ¶ 28, 147 A.3d 1179 ("[S]atisfaction of the first prong of the *Mangan* test—seeking legal advice or assistance from an attorney—is a threshold issue to both the second and third elements of the test.").

Nor have Defendants successfully pled a third-party beneficiary relationship that would give rise to a duty on Attorney Chute's part. When deciding whether an attorney owes a duty to a nonclient, the Court must balance the following factors:

> (1) [T]he extent to which the transaction was intended to benefit the plaintiff;
> (2) the foreseeability of harm to the plaintiff;
> (3) the degree of certainty that the plaintiff suffered injury;
> (4) the closeness of the connection between the defendant's conduct and the injury;
> (5) the policy of preventing future harm; and
> (6) the extent to which the profession would be unduly burdened by a finding of liability.

*Id.* ¶ 29 (quoting *Trask v. Butler*, 872 P.2d 1080, 1084 (Wash. 1994)).

The second, third, and fourth factors may weigh in favor of the existence of a duty. However, the fifth factor is neutral, and the first and sixth factors weigh heavily against. Defendants only benefited from "the transaction" indirectly, by receiving fees from clients for Attorney Chute's services. Defendants did not stand to benefit from Attorney Chute's legal advice itself. Moreover, the legal profession would be burdened if a duty generally existed between and among attorneys working for mutual clients. Finally, the policy of preventing future harm would be minimally advanced by imposing a duty on co-counsel and attorneys within the same firm, all of whom are presumably well-positioned to effectively protect their own interests in this area.

Because Defendants have failed to plead the elements of their tort claims, the Court must dismiss Counts I and III of the Counterclaim.

## B. Contract Claim: Count II

To establish a valid contract, a party must show consideration and mutual assent to be bound by the material terms of the agreement. *Tobin v. Barter*, 2014 ME 51, ¶ 9, 89 A.3d 1088 (quoting *Sullivan v. Porter*, 2004 ME 134, ¶ 13, 861 A.2d 625). To obtain relief for breach of contract, the plaintiff must demonstrate that the defendant breached a material term of the contract, and that the breach caused the plaintiff to suffer damages. *Id.* ¶ 10.

Defendants allege that Attorney Chute and Defendants agreed for Attorney Chute to timely prepare the response to the summary judgment motion in exchange for a fee. Defendants further allege that Attorney Chute's failure to timely complete the summary judgment response resulted in damage to Defendants. Because Defendants have pled the necessary elements of a breach of contract claim, Attorney Chute's Motion to Dismiss must be denied as to Count II of Defendants' Counterclaim.

## IV.    Conclusion

For the foregoing reasons, the Court grants Attorney Chute's Motion to Dismiss as to Counts I and III and denies the motion as to Count II of Defendants' Counterclaim.

The entry is:

Plaintiffs'/Counterclaim Defendants' Motion to Dismiss Counterclaim is granted as to Counts I and III of Defendants/Counterclaim Plaintiffs' Counterclaim and denied as to Count II of the Counterclaim. Counts I and III of the Counterclaim are DISMISSED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___08/12/2022___          _____
                                 Mary Gay Kennedy, Justice
                                 Maine Superior Court